Ayers *v.* Grider.

by the witness, who was a chief actor; failing to do so, his guilt is not left doubtful.

*Judgment affirmed.*

THOMAS P. AYERS, Plaintiff in Error, *v.* WILLIAM M. GRIDER, Defendant in Error.

| 15 | 37 |
| 68a | 276 |
| 15 | 37 |
| 113a | 450 |
| 113a | 451 |

ERROR TO WILLIAMSON.

Where a party acting as constable arrested another, and took from him a knife and other articles, and the arrested party accused him of theft, if the words spoken are understood to relate to the arrest, the words are not actionable.

SEE opinion for a statement of the case.

J. DOUGHERTY, for plaintiff in error.

R. S. NELSON, for defendant in error.

SCATES, J.	The words charged are, that Grider stole the knife and money and purse of Ayers; that he took his knife and money and purse, and that these last were spoken in a slanderous sense, imputing theft, and were so understood by the hearers.

By the proofs it appears that Grider was town constable in Marion, and as such had, a few days before, arrested Ayers in the public square for a breach of the town ordinances, and took away his knife, which he afterwards gave to one Pulley. Grider was in Pulley's store, when Ayers came in and said to him, Go and take up those men in the public square; he replied he would not. Ayers rejoined, You shall, for you took me up, and stole my knife and my money. Grider said, I handed Pulley your knife; and the charge of stealing was understood by the hearers to relate to the arrest. The quarrel continued; Ayers threatened to cowhide Grider, &c.

The court refused to instruct the jury, " that if the words proven to have been spoken by the defendant of the plaintiff, were spoken about and in relation to a known act, and that act in law is not a felony, which is known to the bystanders, they will find the defendant not guilty," and also refused a new trial.

The bill of exceptions presents an uncertainty that makes it difficult to determine whether we are to look at this instruction as a part of the record here. In giving a history of the trial, the proofs are set out, and the instructions asked, and given or refused; it then proceeds, "which instructions the court then and there refused to give the jury, to which refusal of the court so to instruct the jury, the defendant then and there excepted; but did not except until a motion was made for a new trial." If it was then and there excepted to at the trial as stated, we must treat it as a part of the record; if not until the motion for a new trial was made, then it is not a part of the record, and we cannot examine it, as it should have been taken "during the progress" of the trial. Rev. L. 1845, p. 416, § 21.

The instruction asked is clearly sustained by decisions laying down the rule contained in it, and should have been given by the court, as the proofs clearly presented a case for its application. Thompson *v.* Bernard, 1 Camp. R. 48; Brite *v.* Gill, 1 and 2 Monroe, R. 65; Gill *v.* Bright, 6 Monroe, 130; Van Rensellaer *v.* Dole, 1 John. Cas. 279; Edie *v.* Brooks, 2 Whart. Dig. 598, § 36; Christie *v.* Cowell, Peak's N. P. C. 4; Snag *v.* Gee, 2 Coke's R. 300, ed. 1826; Jackson *v.* Adams, 29 Eng. Com. L. R. 371; 2 Bing. N. Cas. 402.

This court in the case of McKee *v.* Ingalls, 4 Scam. 32, held principles which embrace the reason of this instruction. Actionable words import malice, and that is the gist of the action; it is a question of intention, therefore, sufficiently evidenced by the use of actionable words, unaccompanied by explanatory words or circumstances. These, however, may show the intention to have been innocent; the presumption of malice is wanting, and no foundation for the action exists.

In this light we regard the proofs in this case, and so it seems to have been understood by all the witnesses who heard the charge. Ayers called the taking of his knife, money, and purse from him, when he was arrested by Grider, as constable, stealing. It might constitute a trespass, but not a felony. It is true that an officer can steal from his prisoner as well as from any other person, but the taking should be accompanied by other evidence of the *animo furandi*, than by openly, and it may be forcibly, disarming the prisoner of his weapons, and with them his money or other valuables. He could not commit a theft of his prisoner by any open despoliation of his goods in his presence. He could commit both trespass and robbery, but not larceny. The witnesses all understood this charge of stealing to have reference to a taking, at the time of the arrest and in the public square of the town.

Under these circumstances no larceny could be committed, as such a taking could at most only amount to a trespass, and therefore, being spoken in reference to such a transaction, and so understood by the hearers, they were not actionable, and the court should have granted a new trial.

Judgment reversed, and cause remanded for *venire de novo.*

*Judgment reversed.*