## Temple Tebbetts *vs.* George Goding.

In declarations for slander, the *St.* of 1852, *c.* 312, has not dispensed with the necessity of averring the facts and circumstances which render actionable words not in themselves so. A declaration for slander, which alleges that T. the plaintiff owned a certain building; that said building was insured, and burned, "and that afterwards the defendant publicly, falsely and maliciously accused the plaintiff of wilfully and maliciously burning the said building, with intent to injure the insurers, by words spoken of the plaintiff substantially as follows: 'T. burned the mill himself,'" is bad, because it does not charge the defendant with any crime.

Slander. "And the plaintiff says that on the twelfth day of July 1855 he was the owner of a certain building, to wit, an oakum mill at Lowell, and that said building was insured against loss and damage by fire, and was consumed; and that afterwards the defendant publicly, falsely and maliciously accused the plaintiff of wilfully and maliciously burning the said building with intent to injure the insurers, by words spoken of the plaintiff substantially as follows: ' Tebbetts was seen in the engine room late in the afternoon before the fire scattering oakum around the engine, by a man who looked through the cracks of the partition.' 'I have no doubt about the burning of the mill.' 'I think it was burnt by Tebbetts.' 'Tebbetts burnt the mill himself.'"

The defendant demurred, because "the words which the plaintiff alleges that the defendant spoke of the plaintiff do not import in their ordinary signification the commission of any crime or any criminal offence by the plaintiff, and there is not special damage alleged in the declaration."

*T. H. Sweetser,* for the defendant.

*B. F. Butler & R. B. Caverly,* for the plaintiff, cited *Pond* v. *Hartwell,* 17 Pick. 269; *Allen* v. *Perkins,* 17 Pick. 369; *St.* 1852, *c.* 312, § 2, and forms annexed; *Gardner* v. *Dyer,* 5 Gray, 22.

Bigelow, J. The practice act, *St.* 1852, *c.* 312, has not changed the rule of law, which requires the plaintiff in an action for slander to allege the extrinsic facts or circumstances which are necessary in order to give significance to the words spoken,

and render them intelligible to the court and jury in the sense in which they were spoken, as importing a charge of crime. This is the office of a *colloquium.* By the note appended to the form of declaration in slander, in the schedule of forms annexed to the practice act, it is obvious that it is still essential to aver the facts and circumstances which render the words actionable.

The declaration in the present case is insufficient in this particular. The words spoken by the defendant import no charge of crime. Standing by themselves, they do not even indicate whether the burning was intentional or the result of carelessness. This amounts to nothing more than that the act of the plaintiff caused his own mill to be destroyed, which might have been lawfully and innocently done.

Nor is the meaning of these words enlarged or changed by the preliminary averments in the declaration. It is not made to appear by them that the defendant at the time the words were uttered was speaking of the insurance on the building, or even that he knew that any such insurance existed. If that was not the subject of conversation at the time, and, *a fortiori,* if the defendant did not know of the insurance, he could not by the words charged have intended to accuse the plaintiff of setting fire to the building, with intent to injure and defraud the insurers. The case bears a strong resemblance to *Bloss* v. *Tobey,* 2 Pick. 320. *Demurrer sustained.*