# Charles W. Thomas

## *v.*

# Valentine Hebenstreit.

1. JUDICIAL SALE—*inadequacy of price.* While it is true that mere inadequacy of price at which land is sold at a judicial sale where the right of redemption exists, is not of itself a sufficient ground for setting aside the sale, yet when the price is grossly inadequate, and the sale is irregular, and the owner has no knowledge of the same until after the redemption has expired, the sale will be set aside upon equitable terms.

2. Where land worth $2000 was sold for $51.68, it was held that the price was grossly inadequate.

3. SHERIFF'S SALE—*of land on execution.* Where a sheriff sold land on execution from another county, and failed to file any certificate of the levy, made no demand of the debtor before levy, and filed a certificate of sale which was false in the description of the court from which the execution issued, the date of the execution, and failed to give any term of court at which the judgment was rendered: *Held*, on bill in chancery, that the sale could not be sustained.

4. SAME—*decree on bill to set aside.* Where a bill prayed to have a sheriff's sale set aside, and was not strictly a bill to redeem, and it appeared that the sale could not be sustained, and that a deed had been made, the court decreed the payment of the money necessary to a redemption, and upon such payment that the purchaser convey the land to complainant: *Held,* that as the bill showed the necessary facts, the decree was proper as doing complete justice between the parties.

5. CHANCERY—*relief conforming to the theory of the bill.* Although a bill may not be framed strictly as a bill to redeem from a judicial sale, but to set aside the sale, yet if the averments show the complainant entitled to a decree for redemption, and the prayer of the bill will authorize that character of relief, it may be granted.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. CHARLES W. THOMAS, *pro se.*

Mr. WM. WINKELMAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed in the circuit court of Clinton county, by Valentine Hebenstreit against Charles W. Thomas, to set aside a judgment, and also to set aside a sale of land made by the sheriff of Clinton county, on an execution issued on the judgment.

The evidence in this case shows, as appears from the record, that on the 18th day of February, 1868, Thomas recovered a judgment against Hebenstreit before a police magistrate, in Belleville, St. Clair county, for $30 and costs of suit; that on the 15th of April, 1868, an execution was issued and delivered to a constable of St. Clair county to collect, which was returned by the constable April 29, 1868, no property found; that on the 10th day of June, 1868, a transcript of the judgment was filed in the office of the clerk of the circuit court of St. Clair county, recorded, and execution was issued to the sheriff of Clinton county; that the sheriff of Clinton, by virtue of the execution, levied, July 15, 1868, on N. W. qr. of S. W. qr. of sec. 8, T. 1 S., R. 5 W., advertised, and on the 5th of

September, 1868, sold the land to Charles W. Thomas for $51.86. The sheriff, after making the sale, filed a certificate of purchase, which showed sale of land to Thomas on 5th of September, 1868, by virtue of an execution *out of Clinton circuit court dated 18th day of February, A. D. 1868, on a judgment in favor of Thomas* v. *Hebenstreit, at —— term of Clinton circuit court.*

Thomas, on the 19th day of February, 1870, obtained a deed on this certificate of sale, and on the 15th of May, 1871, commenced an action of forcible detainer before a justice of the peace of Clinton county, to recover possession of the land.

The evidence also shows that the complainant lived in Clinton county, but did business in St. Clair; that at the time the constable held the execution, he had $2000 worth of personal property, and was as often as once a week in Belleville, where the constable resided, with personal property enough to satisfy the execution; that the constable made no demand for property; that the land sold on execution was worth $2000. Complainant had no knowledge of the sale of the land until Thomas had obtained a deed and demanded possession. The day after he learned of the sale and deed to Thomas, he went to him and offered to pay the amount he had expended in the purchase of the land. Thomas refused this, but proposed to sell him the land for $225.

The evidence also shows that the sheriff of Clinton county filed no certificate of levy when he levied on the land, or at any time. On the trial of this case in the circuit court, a decree was rendered that the complainant should, within one hundred days, pay the defendant $51.86, and six per cent interest thereon from September 5, 1868. That upon the payment of the money the defendant should convey the land, and that the defendant should pay the costs.

The defendant brings the case to this court by appeal.

The main question in this case is as to the validity of the sale of land made by the sheriff of Clinton county, and in order to determine that question, it is necessary to examine

the statute and see if its provisions have been complied with.

One provision of our statute requires a sheriff, who receives an execution from a foreign county, when he makes a levy on real estate, to file, in the recorder's office in the county in which the land lies, a certificate of such levy. Gross' Statutes, sec. 28, page 382.

The statute also requires the sheriff, when he sells real estate by virtue of an execution, to make and deliver to the purchaser a certificate of purchase, and within ten days from the day of sale, file in the recorder's office for record, in the county in which the land sold lies, a duplicate of such certificate, which is evidence of the facts therein stated. Gross, page 380, sec. 15. The law not only requires the sheriff to file this certificate of purchase, but it requires the clerk to record it.

This provision of the statute requiring a public record of a sale of lands under an execution, was no doubt enacted in order that all persons interested in the title to the land might, on inspection of the record, learn when the land was sold, under what process, when and where issued, when judgment was rendered, when redemption expired, etc.

Upon an examination of the certificate of purchase filed in this case, it appears that the sheriff sold the land by virtue of an execution issued out of the *Clinton circuit court, dated February 18th, 1868, on a judgment rendered at the ——— term of the Clinton circuit court.* This turns out to be false. The judgment was not rendered in the Clinton circuit court; the execution did not bear date February 18th, 1868.

In connection with these irregularities, the land sold was worth $2000, and was sold on the execution for $51.68. While it is true, inadequacy of price under a judicial sale, where the right of redemption exists, is not of itself sufficient ground for setting aside the sale, yet in this case the price for which the land was sold was *grossly inadequate*, the sale was *irregular*, no *certificate of levy* was filed, and a false certificate of purchase filed. For these reasons the sale can not

be sustained. *Dickerman* v. *Burgess*, 20 Ill. 266; *Dutcher et al.* v. *Leake et al.* 44 Ill. 400.

It is insisted by appellant that the allegations in the bill are not sufficient to authorize the decree. The bill, it is true, is not skillfully drawn. It is not strictly a bill to redeem, but to set aside a sale. There is, however, enough in the bill to sustain the decree.

Where the averments show the complainant entitled to relief, and the prayer will admit of the court granting that which he shows himself entitled to claim, he ought not to be turned out of court unheard. *McConnel* v. *Gibson et al.* 12 Ill. 131.

The bill might have been framed differently; but while the court had jurisdiction of the case it was proper to render such a decree as would do complete justice between the parties, and the defendant has no just ground of complaint as the circuit court gave him all he was entitled to receive.

The decree of the circuit court will be affirmed.

*Decree affirmed.*