Foval v. Hallett.

Reversed and remanded.

## JESSE FOVAL
## v.
## WILLIAM R. HALLETT.

1. SLANDER—WHOLE LANGUAGE MUST BE GIVEN.—When defamatory language has any reference to, or is connected with other language which affects its meaning, such language should be given, and the defamatory words are to be construed with reference thereto.

2. PRESUMPTION OF MALICE REBUTTED—OPINIONS OF WITNESSES.—A defendant when sued for slander has a right to explain the meaning of the language used, and to rebut the presumption of malice by proof, and witnesses may be asked their opinion as to the intent of the party to impute a crime, if it be doubtful.

3. EFFECT UPON THE HEARERS THE ESSENCE OF THE INJURY.—The essence of the injury is the effect created by the slander upon the minds of the hearers, and the witnesses who heard the words spoken may be asked to state the sense in which they understood them.

4. NARRATION OF A PAST EVENT.—When the words spoken, though actionable *per se*, were used in the sense of narrating a past event, and were so understood by the hearers, they are harmless, and the presumption of malice is rebutted.

5. INTENT A QUESTION FOR THE JURY.—While it is true that the question

of malice, and the sense in which they were understood, are questions for the jury, yet where the evidence shows an absence of malice and slanderous intent, the jury are not authorized in finding the defendant guilty.

APPEAL from the Circuit Court of Calhoun county; the Hon. A. G. BURR, Judge, presiding.    Opinion filed February 3, 1882.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; that the words spoken are to be construed with reference to other language used, cited McKee v. Ingalls, 4 Scam. 30.

If the words spoken are concerning an event, and so understood by the hearers, they are not slanderous: Ayers v. Grider, 15 Ill. 37; Nelson v. Borchenius, 52 Ill. 236; Dole v. Renssalaer, 3 Johns. Cas. 458; Aldrich v. Brown, 11 Wend. 596; Trabue v. Mays, 3 Dana, 138; Emery v. Miller, 1 Denio, 208; Thompson v. Bernard, 1 Camp. 48.

The controlling consideration is the *quo animo:* Cummerford v. McAvoy, 15 Ill. 311; Zuckerman v. Sonnenschein, 62 Ill. 115.

All explanatory circumstances known to the speaker and hearer, are to be taken into account as part of the words: Dorland v. Patterson, 23 Wend. 422; Andrews v. Woodmanser, 15 Wend. 232; Miller v. Maxwell, 16 Wend. 9; Townshend on Libel and Slander, § 120; Badgley v. Hedges, 1 Penn. 233.

A fair account of what takes place in court is privileged: Ryalls v. Leader, 1 Law Rep. 298; Hearne v. Stowell, 12 A. & E. 718; Cincinnati Gazette Co. v. Timberlake, 10 Ohio St. 548; Saunders v. Mills, 6 Bing. 213; Chambers v. Payne, 2 C. M. & R. 156.

Mr. F. M. GREATHOUSE, for appellee; that an improper repetition of slanderous words is evidence of malice, cited Starkie on Slander, 340; 71 Ill. 576.;

HIGBEE, P. J.    At the October term, 1881, of the Calhoun Circuit Court, appellee recovered a judgment against appellant in an action on the case for slander.

The declaration alleges that the defendant, contriving and maliciously intending to injure the plaintiff, did, on the 25th

day of January, 1881, at etc., and to cause it to be believed
that the plaintiff had been guilty of false swearing, speak and
publish of and concerning the plaintiff the false, scandalous,
malicious and defamatory words, to wit: "Russ. Hallett swore
a God damned lie, and I can prove it, and did prove it."

The plea was, not guilty.

Appellant brings the case to this court and assigns for error,
the giving improper instructions in behalf of appellee, over-
ruling appellant's motion for a new trial and rendering final
judgment against him.

The defense made was that the words were spoken by ap-
pellant without malice in relating what had occurred in a former
trial between the same parties for speaking the same words.

But two witnesses were sworn in behalf of appellee. They
testified in substance, that on the 25th day of January, 1881,
at Stahl's saloon, they heard Foval say, "Russ. Hallett swore
to a God damned lie, and I can prove it, and did prove it."
There were a good many persons in the saloon, and they were
pretty full.   Foval and Dunbaugh were standing by the counter.
Witnesses did not hear all of it; they did not hear what was
said just before nor just after the words above given; did not
learn what Foval was talking about;   only heard these words,
and could not tell what else was said or what the conversation
was about.

Appellant testified in his own behalf that the words charged
were spoken in a conversation with Dunbaugh, in which he
was relating to him the history of a previous trial ; that Hal-
lett had sued him in 1878 for speaking substantially the same
words ; that he had pleaded the truth of the words spoken in
justification; that Hallett had got a judgment of $75 against
him, and he had paid his costs, but Hallett had not paid his;
that he spoke the words complained of at the saloon in telling
Dunbaugh what he was sued for by Hallett ; that he made no
charge against Hallett, and did not intend to make any, but
only repeated what had taken place in reference to the former
trial.

John Dunbaugh, the person with whom Foval was convers-
ing, and Samuel Baker, who stood by the side of Foval and

heard all that was said in the saloon, both testify that appellant did not make any charge against Hallett, but used the words complained of in telling what the alleged slanderous words were, for which Hallett had sued him.

They both say that they did not understand the words spoken as a charge made by appellant against appellee, but as a relation of what had occurred in the previous suit.

From this evidence there can be no doubt that the alleged slanderous words were uttered by appellant in giving an account of what had occurred between the parties on the former trial.

The witnesses for appellant corroborate the statements of appellee's witnesses, so far as they testify to what was said in their hearing, and then give the balance of the conversation, which materially changes and qualifies the meaning of the objectionable words, and tends strongly to show that the speaker intended to impute no wrong.

The injustice of isolating the words charged in the declaration from the balance of the conversation in which they were spoken, is manifest. Taken alone, they are actionable *per se*, and malice is implied from their utterance; but considered in the sense in which they were spoken, as a history of a past transaction, they are harmless, and rebut the presumption of malice. Ayers v. Grider, 15 Ill. 37; Miller v. Johnson, 79 Ill. 59; Dorland v. Patterson, 23 Wend. 422.

When defamatory language has any reference to, or is connected with any other language or event which affects its meaning, it must be construed with reference to such other language or event. Townshend on Libel and Slander, § 120.

And the better rule seems to be, to hold the party responsible for the words in the sense in which he spoke them. If the meaning be doubtful, other parts of the conversation may explain it, and do away with the malicious intent. The defendant, however, has a right to explain the meaning and rebut the presumption of malice by proof; and the witnesses may be asked their opinion as to the intent of the party to impute crime, if it be doubtful. McKee v. Ingalls, 4 Scam. 30.

Words spoken without malice, either express or implied, are

Foval v. Hallett.

not actionable; hence the *quo animo* with which the charge is made is always a controlling consideration. Commerford et al. v. McAvoy, 15 Ill. 311.

The essence of the injury is the effect created by the slander upon the minds of the hearers. If words spoken in a foreign language are not understood by the hearers, they are not slanders. It follows, therefore, that the sense in which they are understood by the hearers is the essential inquiry, and it is well settled in this State that the sense in which the hearers understood the words may be given in evidence by the witnesses who heard the words spoken. Nelson et al. v. Borchenions, 52 Ill. 236.

It is contended by appellee that the words spoken by appellant, " I have proved it," were false, and show malice, and should be regarded as a re-affirmation of the slanderous charge.

Proof, in a technical sense, is the result of evidence; but in its common and more general sense, it is often used as synonymous with evidence, and it is probable that these words were used in the latter sense in this case. Appellant had pleaded in justification of the charge the truth of the words spoken, and in connection with his statement that he had proved it, he said, "and they fined me $75 for it." The only complaint he made was that appellee had not paid his costs.

That the language, " I have proved it, " was used in explanation of what had occurred at the trial, and not for the purpose of making a new charge of false swearing against appellee, is strongly supported by the sense in which the witness understood the words used. Those who heard the whole of the conversation say, that they understood appellant as telling what Hallett had sued him for, what his defense was, and how the cause resulted, and did not understand that he was making any independent charge against Hallett.

It is true that the question of malice, the intent with which the words were spoken, and the sense in which they were understood by the hearers, were questions of fact for the jury. But in the view we have taken of the evidence, it did not authorize the jury to find the defendant guilty. It is not a case of conflicting evidence, where the court is not au-

thorized to interfere, but when taken altogether, there is an entire want of evidence to justify the finding.

It is also insisted by appellant that the court erred in giving to the jury, in behalf of appellee, the following instructions:

"The court instructs the jury for the plaintiff, that if the jury believe from the evidence that the defendant spoke and published of, and concerning the plaintiff, the alleged slanderous words, in manner and form as charged in the declaration, then the jury should find the defendant guilty, unless they find from the evidence that the truth of said charge has been established on this trial by a preponderance of the evidence, or that for a proper purpose, and without malice, they were uttered.

II. "If the jury believe from the evidence that the defendant is guilty of speaking the slanderous words charged in the declaration, then the fact is proved that the defendant gave the statement as a report in the neighborhood, and even mentioned his authority for the statement. Still, these facts alone do not exonerate the defendant from liability."

The first of these instructions is well calculated to mislead the jury. It would hardly fail to be understood as wholly ignoring appellant's defense, and as he had not pleaded or attempted to prove the truth of the words charged, it was improper to inject such an element of defense into the instruction.

All instructions should be based upon the evidence, and the latter part of the second instruction, which informed the jury "that the fact if proved, that the defendant gave the statement as a report in the neighborhood and even mentioned his authority for the statement, does not exonerate the defendant from liability," is not based upon any evidence in the record, was well calculated to mislead the jury, and ought not to have been given.

For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.