# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—AUGUST TERM, 1884.

## DANIEL WELKER
v.
## JOHN O. BUTLER.

| 15 | 209 |
|-----|-------|
| 107 | ²486 |

| 15 | 209 |
|-----|-------|
| 113 | ²450 |

1. SLANDER—GENERAL REPUTATION OF PLAINTIFF.—In an action on the case for slander, the words charged imputing the crime of larceny, it is not error to permit the defendant to prove the general reputation of the plaintiff.

2. MALICE.—While the law implies malice from the use of words actionable *per se*, yet this implication may be explained and rebutted by circumstances. The words may be shown to have been used with reference to a known act and to have been so understood by those present, and that such act was not in point of law a felony. It is proper to submit the intent of the publication to the jury.

3. INSTRUCTIONS.—An instruction that "if the jury believe from the evidence that the plaintiff was at the time the language is alleged to have been used, taking the property of the defendant with the intent of converting it to his own use, then they will find for the defendant." *Held*, clearly erroneous. The defense of justification could be made only by establishing every element necessary to constitute the crime of larceny.

4. MENTAL SUFFERING—DAMAGES.—It was error for the court to refuse the instruction that if the defendant had charged the plaintiff as alleged, the mental suffering thereby occasioned to plaintiff, if any such had been proved, was a proper element to be considered in fixing the damages.

5. BILL OF EXCEPTIONS.—Remarks of court or counsel on the trial of a cause, which are complained of as error, must be embodied in the bill of exceptions or they will not be noticed.

VOL. XV. 14                    (209)

ERROR to the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed October 10, 1884.

Mr. J. M. FREELS and Mr. L. H. HITE, for plaintiff in error; that from the speaking of actionable words, malice is implied and damage presumed and need not be proved, cited Flagg v. Roberts, 67 Ill. 484; Harbison v. Shook, 41 Ill. 146; Schmisseur v. Kreilich, 92 Ill. 348; Mitchell v. Milholland, 106 Ill. 175; 1 Chitty on Pleading, 16 Ed. *411, *412.

Defendant must prove the truth of the charge of larceny or respond in damages for the wrong: Miller v. Johnson, 79 Ill. 60; Harbison v. Shook, 41 Ill. 141; Cooley on Torts, 200.

As to damages for mental suffering: Adams v. Smith, 58 Ill. 421.

Messrs. MESSICK & RHODES and Messrs. FLANNIGEN & CANBY, for defendant in error; as to evidence of general reputation of plaintiff being admissible, cited Adams v. Smith, 58 Ill. 417; Regnier v. Cabot, 2 Gilm. 34; Sheahan v. Collins, 20 Ill. 325; Heard on Libel and Slander, § 299; 2 Greenleaf on Ev., § 424.

As to embodying remarks of counsel assigned as error in bill of exceptions: Kepperly v. Ramsden, 83 Ill. 354; Earll v. People, 99 Ill. 123; O'Hara v. King, 52 Ill. 304.

When words actionable *per se* are spoken under circumstances tending to show a want of malice, the intent of the publication should be left to the jury under the proof: Zuckerman v. Sonnenschein, 62 Ill. 115; 5 Wait's Actions and Defenses, 748; Jarvis v. Hathaway, 3 Johns. (N. Y.), 180; Haynes v. Haynes, 29 Me. 247; McKee v. Ingalls, 4 Scam. 30; Weaver v. Hendrick, 30 Mo. 502; Weed v. Bibbins, 32 Barb. (N. Y.), 315; Usher v. Severance, 20 Mo. 9; Turrill v. Dolloway, 26 Wend. (N. Y.), 383; Jones v. Rivers, 3 Brev. (S. C.), 95; Thompson v. Grimes, 5 Ind. 385; Cregier v. Bunton, 2 Rich. (S. C.), 395.

Words actionable, *per se*, are not so, when spoken of a transaction not amounting to the crime charged, if known to the

hearers to be so spoken: Darling v. Banks, 14 Ill. 46; Ayers v. Grider, 15 Ill. 37; Parmier v. Anderson, 33 Ala. 78; Alfele v. Wright, 17 Ohio St. 233; McCaleb v. Smith, 22 Iowa, 242; Bunton v. Worley, 4 Bibb (Ky.), 38; Carmichael v. Shiel, 21 Ind. 66; Allen v. Hillman, 12 Pick. (Mass.) 101; Cock v. Weatherby, 13 Miss. (5 Smed. & M.) 333; Dunnell v. Fisk, 11 Metc. (Mass.) 551; Blanchard v. Fisk, 2 N. H. 398; Wall v. Haskins, 5 Ired. (N. C.) 177; Dexter v. Taber, 12 Johns. (N. Y.) 239.

WALL, J. This was an action on the case for slander. The words charged imputed to the plaintiff the crime of larceny. The defendant plead, first, not guilty; second, justification.

A trial before the court and a jury resulted in a verdict for defendant, upon which the court, after overruling a motion for a new trial, rendered judgment against the plaintiff for cost.

Various errors are assigned relating to the action of the court in admitting evidence, and in giving and refusing instructions.

It is first objected that the court permitted the defendant to prove the general reputation of the plaintiff.

Such proof is admissible, and while in this case the court may have permitted it to go too much into detail, yet we discover nothing in this respect for which the judgment should be reversed.

Objection is taken to an alleged remark of the court in the presence and hearing of the jury, calculated to prejudice the plaintiff.

While this is one of the points contained in the motion for a new trial, yet we are unable to find anything in the abstract or the record upon which to base it, and it is therefore to be disregarded.

It is next urged that by the first instruction for defendant, the jury were advised that if the words charged were not spoken maliciously, and the character of the plaintiff was not injured thereby, then the verdict should be for defendant. While the law implies malice from the use of words action-

able *per se*, yet this implication may be explained and rebutted by circumstances.

"Words standing alone may import malice and indicate a wicked intent. Surround them with the circumstances under which they were spoken and the malice disappears." Zuckerman v. Sonnenschein, 68 Ill. 115; McKee v. Ingalls, 4 Scam. 32.

It may also be shown that the words were used with reference to a known act, and were so understood by those present, and that such act was not, in point of law, a felony. Ayers v. Grider, 15 Ill. 37.

It was proper to submit the intent of the publication to the jury.

The court gave for the defendant the following instruction:

3. The court instructs the jury that if they believe from the evidence that the plaintiff, Welker, was at the time the language is alleged to have been used, taking the property of the defendant with the intention of converting it to his own use, then they will find for the defendant.

This was clearly erroneous; the defense of justification could be made only by establishing every element necessary to constitute the crime of larceny, though it would, under the present statute, require but a preponderance of testimony for this purpose. R. S. Ch. 126, Sec. 3.

This instruction, however, would warrant the jury—indeed, require them—to find for defendant if the plaintiff had been guilty of a mere trespass with regard to the defendant's property, omitting entirely the element of an intent to steal, the felonious intent which is a necessary ingredient of the crime.

It was not even important under this instruction that the plaintiff should have known it was the property of defendant.

This instruction, when applied to the peculiar facts of the case, must have had great weight with the jury in producing the verdict for defendant.

The fifth instruction was too loose and general in not calling attention to the facts necessary to sustain the defense. Nor do we think the objections to these instructions were cured by those given for plaintiff.

Exception is taken to the sixth instruction given for defendant.

Its effect was to advise the jury that proof of the words therein quoted did not amount to proof of the words alleged in the declaration, to which there is no just ground of objection. It was a question for the jury whether the defendant uttered the words alleged; this was put in issue by the plea of not guilty, and the plaintiff was bound to prove the substance of the words so alleged, or some one set of them, notwithstanding the plea of justification, and if he failed to do so he could not recover.

The court refused the fourth instruction asked by plaintiff, that if the defendant had charged the plaintiff, as alleged, the mental suffering thereby occasioned to plaintiff, if any such had been proved, was a proper element to be considered in fixing the damages.

This should have been given. Adams v. Smith, 58 Ill. 421.

As to the merits of the case we express no opinion, and will only say in this regard, that had the jury been properly instructed we would not interfere.

For the errors indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.