## W. E. Schofield v. Olive A. Baldwin.

1. PRACTICE—*The Plaintiff Required to Make Out His Case by a Preponderance of the Evidence—Instructions.*—A plaintiff is required to make out his case by a preponderance, only, of the evidence, and it is error to instruct the jury that the burden is upon him to make out such a case by a *clear* preponderance of the evidence.

2. MALICE—*Where Implied in Actions for Slander.*—In an action for slander, where there is evidence showing that the defendant called the plaintiff a thief, in the presence of others, the law implies malice, and it is not necessary for the plaintiff to prove express malice, but the defendant may show that the circumstances attending the utterance of the slanderous words were such that malice is not to be implied therefrom and that the same were not spoken with malice.

3.  PUNITIVE DAMAGES—*When Proper in Actions for Slander.*—In actions for slanderous words maliciously spoken the jury may allow punitive damages, and in such a case they are not confined to the pecuniary loss or injury, and none need be shown to entitle the plaintiff to recover.

4.  SLANDER—*Measure of Proof in Actions for.*—In an action for slander, it is sufficient to warrant a recovery if the plaintiff has proved the utterance of enough of the words set forth in his declaration to amount to the charge complained of.

**Trespass on the Case,** for slander.  Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding.  Heard in the Branch Appellate Court at the October term, 1901.  Reversed and remanded.  Opinion filed July 2, 1902.

WILLIAM EUGENE BROWN, attorney for plaintiff in error.

NORMAN A. STREET and CLAYTON R. TAYLOR, attorneys for defendant in error; EDWIN BURRITT SMITH, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action of case to recover for alleged slander. The bill of exceptions contains the following:

" MARCH 14, 1900.

This cause came on for hearing on the above date, a jury was impaneled and the plaintiff's counsel made his opening statement to the jury.  Thereupon the defendant's counsel made his opening statement to the jury.  Whereupon the plaintiff introduced his evidence, which tended to sustain his declaration, and which was to the effect that the defendant had, in June, 1898, in the presence and hearing of a third party, used the language of and concerning the plaintiff as alleged in the declaration.  Whereupon the defendant introduced her testimony, which tended to sustain her plea of not guilty, and which was to the effect that she never uttered any of the language of and concerning the plaintiff as set out in the declaration.

After argument by counsel the court instructed the jury on behalf of the plaintiff as follows, to wit:  The jury are instructed that the burden of proof is upon the plaintiff to make out his case by a clear preponderance of the evidence; and that if the plaintiff in this case has failed to establish by such preponderance of the evidence that the words charged in the declaration were used by the defendant as charged, their verdict should be for the defendant."

The jury returned a verdict and there was judgment for the defendant.

A plaintiff is required to make out his case by a preponderance of the evidence; the jury should not have been instructed that the burden was upon the plaintiff to make out his case by a clear preponderance of the evidence.

If there was evidence tending to show that the defendant, in the presence of others, called the plaintiff a thief, the law therefrom implies malice, and it is not necessary to prove express malice; the defendant may show that the circumstances attending the utterance were such that the malice is not to be implied therefrom, and that they were not spoken with malice. McKee v. Ingals, 4 Scammon, 30–33; Gilmer v. Eubank, 13 Ill. 271; Townsend on Slander, Sec. 169.

The plaintiff's request to so instruct the jury should have been followed.

In such an action as was the one in the Superior Court punitive damages may be given; the jury are not in such case confined to the pecuniary loss or injury, and none need be shown to entitle the plaintiff to recover.

In this case it was sufficient to warrant a recovery if the plaintiff proved the utterance, as charged, of enough of the words set forth in the declaration to amount to a charge of larceny.

The judgment of the Superior Court is reversed and the cause remanded.