## Gilbert VanDaalen, Appellee, v. John A. Power, Appellant.

### Gen. No. 14,486.

SLANDER AND LIBEL—*when "thief" not actionable.* The words, "You are a thief," are not actionable unless the defendant in speaking them intended to impute crime to the defendant. This intention will be presumed from the use of the words, if not explained; all of the conversation, the facts and circumstances attending it, are to be weighed and considered in determining whether in speaking those words the defendant intended to charge the plaintiff with a crime; and such words are not actionable where the only just

conclusion that can be drawn from all the evidence is that the defendant did not intend to impute to, or charge the plaintiff with larceny, embezzlement or any other crime.

Action on the case for slander. Appeal from the Circuit Court of Cook county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed. Opinion filed March 26, 1909.

McARDLE & McARDLE, for appellant.

HARRY C. LEVINSON, for appellee; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $300 recovered by the plaintiff in an action on the case for slander.

Defendant was manager in Chicago for Collier & Son, publishers. Plaintiff was in the employ of said firm as a collector under a written contract, which provided for the payment to him of a per diem compensation and commissions on sales made by him, provided Collier & Son received ninety-five per cent. of the amount due on such sales. It further provided that plaintiff should report money collected on the day it was collected and remit the same in full, and that his compensation should be paid him at the Chicago office of Collier & Son or remitted to him from that office. Plaintiff was told that he had been docked one day's pay, and on the morning of April 13, 1904, went to defendant's room which was connected with the general office of Collier & Son in Chicago, and asked why he had been so docked. Defendant told him that it was because he had taken three days to do two days' work. Plaintiff then announced to defendant that he then quit the service of Collier & Son and said to him, "I have got here a statement of what is coming to me and until I receive it I am going to keep the money in my pocket." Up to this point the

conversation between plaintiff and defendant was in the private office of defendant and was not in the hearing of any third person. Plaintiff then went to the general office and handed to the cashier a true statement of the amount of money collected by him the day before, showing that the net amount so collected was thirty-nine dollars, but in place of turning over the thirty-nine dollars he tendered to the cashier seven dollars and ninety-three cents, claiming that on resigning he was entitled to deduct the difference between thirty-nine dollars and seven dollars and ninety-three cents for wages, commission and three dollars and fifty-five cents for one-half of the premium on his bond. The cashier refused to receive the statement without the thirty-nine dollars, and handed the statement to defendant, who was then in the general office of Collier & Sons, where fifteen persons were employed. The plaintiff testified that the defendant looked at the statement, said that plaintiff was not entitled to commissions until ninety per cent. of the amount of his sales was paid, and plaintiff claimed that he was entitled to his commissions; that more than sixty per cent. had been paid on his sales; that the defendant then said, "In retaining this money you are acting as a thief"; that plaintiff warned defendant to be careful with his words, and that defendant then said: "You are dishonest. You have swindled the firm for the last six months that I know of, and a thief you are and a loafer you are". On his cross-examination he testified that he knew when defendant said he was a thief that he was referring to the fact that he had retained a part of the thirty-nine dollars he had collected; knew that he was referring to the particular transaction of plaintiff keeping money out of his collections. Witnesses called by the plaintiff corroborated the testimony of plaintiff that defendant called plaintiff a thief and a loafer, said that he had swindled said firm, but their testimony did not tend to contradict the testimony of plaintiff

as to the conversation between plaintiff and defendant which occurred in the general office of Collier & Son immediately before the speaking of such words. The testimony of the defendant and of the witnesses called by him was that defendant did not say that plaintiff "was a thief", or "was acting as a thief", did not call him "a thief", but their testimony did not tend to contradict plaintiff as to the conversation between plaintiff and defendant in the general office before, according to the testimony of the plaintiff, such words were spoken by the defendant.

It is not contended that any of the alleged defamatory words set out in the declaration other than the words, "You are acting as a thief"; "You are a thief", are actionable.

The question whether these words were spoken by the defendant, of the plaintiff, must, under the evidence, be regarded as conclusively settled by the verdict.

"When ever language charged to be defamatory has any reference to or is connected with any other language or event which affects its meaning or effect, it must be construed in relation to such other language or event". Townsend on Slander and Libel, sec. 134; McKee v. Ingalls, 4 Scam. 30; Winchell v. Strong, 17 Ill. 596; Fovall v. Hallett, 10 Ill. App. 265. We think that the words: "You are acting as a thief", if spoken alone, do not impute a crime, and therefore are not actionable. Plaintiff alone testified to the speaking of said words, and he testified that they were spoken just after he had declared to defendant his intention to retain a part of the money he had collected; that they were spoken not alone, but as a part of the sentence; "In retaining this money you are acting as a thief". If it could be held that the words: "You are acting as a thief", used alone are actionable, still those words, used in the connection and under the circumstances that plaintiff testified they were used by the defendant, are not actionable.

VanDaalen v. Power, 147 App. 635.

The words, "You are a thief", are not actionable unless the defendant in speaking them intended to impute crime to the defendant. This intention will be presumed from the use of the words if not explained. All of the conversation, the facts and circumstances attending it, are to be weighed and considered in determining whether in speaking those words defendant intended to charge the plaintiff with a crime. McKee v. Ingalls, *supra;* Winchell v. Strong, *supra;* Fovall v. Hallett, *supra.*

The conversation related to a present transaction, to present conduct of the plaintiff. He handed in a true report of his collections of the previous day, showing a balance in his hands of thirty-nine dollars of the money of his employer. He declared his intention to keep out from that money certain amounts which he claimed to be due to him from his employers on his leaving their service, and tendered to the cashier seven dollars and ninety-three cents only of the thirty-nine dollars in his hands. The subject-matter of the conversation was the act of plaintiff in then withholding a part of the money collected by him, under his claim of right to pay himself out of such money what he claimed was due him from Collier & Son. We think that, considering the circumstances under which said words were spoken, the subject-matter of the conversation between plaintiff and defendant in which they were spoken, and the whole of that conversation, the only just conclusion that can be drawn from all of the evidence is that the defendant in speaking the words did not intend to impute to or charge the plaintiff with larceny, embezzlement or any other crime, and that therefore the words so spoken are not actionable.

The judgment of the Circuit Court will be reversed with a finding of facts and the cause will not be remanded.

*Reversed.*