### John Moore, Appellee, v. T. J. Maxey, Appellant.

1. INSTRUCTIONS—*need not repeat.* An instruction stating a correct proposition of law, though refused, will not reverse if its substance is contained in other instructions given.

2. SLANDER—*when instruction authorizing merely nominal damages properly refused.* If the slanderous words charged and proved were slanderous *per se*, an instruction which limits the jury to the awarding merely of nominal damages is properly refused.

3. SLANDER—*what element of damage.* Where words spoken are actionable *per se*, mental suffering produced thereby is a proper element to be considered in fixing the amount of damages. In such case there need be no direct evidence of mental suffering to enable the jury to consider it in their estimate of damages, but it may be inferred from the nature of the injury, and juries may, from their knowledge and experience of human nature, estimate damages which may result from mental anguish and suffering occasioned by a baseless charge of crime, without direct evidence, although it would also be permissible to prove such suffering was exhibited by speech or otherwise.

4. SLANDER—*when limitation as to damages improper.* In an action of slander charging the use of words libelous *per se* it would be improper to limit the jury to the award of merely pecuniary damages.

5. SLANDER—*when instruction as to proof of slanderous words not misleading. Held,* that the words of slander charged, being so plain and not susceptible of misunderstanding by the jury, that an instruction was not misleading which told the jury that if a suf-

ficient number of words laid in the declaration were proven to have been spoken by the defendant to others which would amount to a charge of larceny, the jury should find the defendant guilty unless the plea of justification had been proven by a preponderance of the evidence.

6. SLANDER—*what proof not sufficient.* It is not sufficient to prove the slanderous words *substantially* as charged in the declaration; but *held*, in this case, that an instruction erroneously stating the law in this respect did not constitute harmful error.

Action for slander. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

DENISON & SPILLER, for appellant.

PILLOW, SMITH & STONE, for appellee; GORDON PILLOW, of counsel.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee recovered in a suit for slander. The declaration contained one count in which it was charged that appellant in the presence and hearing of others had said of appellee "I caught him stealing. I will tell anybody so." "I caught him stealing my coal." There was a plea of the general issue and a special plea in which by way of justification it was averred that in weighing coal appellee, as weighman for a coal company, used false scales that would weigh light and by that means feloniously stole coal of appellant, who by a contract with the company was entitled to a royalty on the coal hoisted and weighed by appellee, and that by such means appellee did steal for said company the coal of appellant.

The several assignments of error challenging the rulings of the trial court which are urged upon this court in appellant's brief are:

First, that the court erred in refusing instructions four and five offered by appellant. Instruction num-

ber four as asked would have told the jury the case was not a criminal case and the jury were not to try it the same as if appellee was on trial on a charge of larceny and that all appellee was required to do was to prove his plea of justification by a preponderance of the evidence. The instruction stated a correct principle of law but the second instruction given on behalf of appellee and the fourth given on behalf of appellant each embody the same rule of evidence and it was not required that the court repeat it.

Instruction number five was properly refused. It told the jury that although the appellant might have been guilty of using the slanderous words alleged, the appellee could recover only nominal damages unless the evidence showed that he had been injured and damaged in his good name and reputation, and brought into scandal and disgrace, and had been shunned and avoided and otherwise injured, unless the evidence showed appellant did not file his plea of justification in good faith.

Malice is implied where language is deliberately uttered imputing a crime such as larceny, and exemplary damages may be awarded in such case in the absence of proof of actual damages. McKee v. Ingalls, 4 Scam. 30; Schofield v. Baldwin, 102 Ill. App. 560. And this is true when the declaration contained the averments that appellee had been damaged in his good name, credit and reputation.

Evidence that he had not suffered such damages was proper to be considered in estimating the actual damages and in mitigation thereof, but a want of such evidence would not relieve the appellant of such exemplary damages as the jury might award as a punishment for falsely and maliciously speaking words imputing a crime. Instructions seven, eight and nine asked by appellant were also properly refused for the like reasons.

Second. It is contended there was error in giving

to the jury on behalf of appellee instructions two, three, five, seven, eight and ten.

The objections urged against number two is that it advised the jury that if appellee had proved one set of the slanderous words charged in the declaration he would be entitled to recover and that this left to the jury to determine what was meant by the term "slanderous words." The declaration set forth two sets of words only, alleged to have been spoken as hereinbefore set forth, both of which constituted charges of larceny and were actionable and it was necessary to prove enough of either of the sets of words alleged to constitute the charge. There was such evidence before the jury, and it is not possible the jury could have been misled by the instruction.

Instruction number three told the jury mental suffering if proven was a proper element of damage, and it is argued there was no evidence of mental suffering and therefore no evidence upon which to base the instruction. Where words spoken are actionable *per se* the mental suffering produced thereby is a proper element to be considered in fixing the amount of damages. Adams v. Smith, 58 Ill. 417; Welker v. Butler, 15 Ill. App. 209.

We are of opinion that in such case there need be no direct evidence of mental suffering to enable the jury to consider it in their estimate of damages, but that it may be inferred from the nature of the injury, and that juries may, from their knowledge and experience of human nature, estimate damages which may result from mental anguish and suffering occasioned by a baseless charge of crime, without direct evidence, although it would also be permissible to prove such suffering was exhibited by speech or otherwise. Stowe v. Heywood, 7 Allen 118; Western Union Tel. Co. v. Adams, 75 Tex. 531.

Instruction number five was not erroneous. The jury had the right to determine from all the evidence in the case whether the plea of justification was or

was not filed with the reasonable hope or expectation of proving the truth of it, and if not, they might regard the filing of the plea as an aggravation of the slander, in case they found from the evidence appellant was guilty of the slander charged, and had failed to prove said plea by a preponderance of the evidence. The instruction under the evidence in the case stated a correct principle.

Instruction number seven advised the jury that damages would be implied from falsely speaking the words charged, and if the jury found the appellant guilty they should determine what damages ought to be given under all the evidence. This instruction does not limit the jury to the actual pecuniary damages sustained. To so limit it would have been improper. If the words charged were falsely spoken, appellee was entitled to recover exemplary damages, whether any actual damages were suffered or not.

The eighth instruction sets forth that if a sufficient number of words laid in the declaration were proven to have been spoken by appellant to others which would amount to a charge of larceny, the jury should find appellant guilty unless the plea of justification had been proven by a preponderance of the evidence. The criticism is that the instruction leaves it to the jury to determine as a matter of law what are a sufficient number of words laid to constitute a larceny.

The charges laid in the declaration were the simple and direct charges that appellant had said of appellee that he had "caught him stealing" and had "caught him stealing his (appellant's) coal." These were charges of larceny not to be misunderstood by anybody fairly understanding the English language and the jury could not have been misled by the instruction.

Appellee's tenth instruction was erroneous in charging the jury it was sufficient to prove the words substantially as charged in the declaration. It is not sufficient to prove the substance of the words, but enough

of the words alleged or laid must be proved to amount to the substance of the charge. We are of opinion, however, the error was harmless. It was proven by the two witnesses who testified on this point that the language used by appellant contained enough of the words alleged to amount to a charge of larceny.

The witness McClintock testified that appellant said "I have caught Moore stealing coal" and the witness Stiritz testified he said, "I caught Moore stealing coal." And while other words were testified to by the witnesses (over the use of which there was some controversy and confusion) which amounted only to a substance of the charge, yet there was ample evidence by both witnesses of the use by appellant of a sufficient number of the words averred to constitute the charge. Moreover the words which amounted only to the substance of the charge were not called for but were volunteered by the witnesses. In this view of the evidence, the instruction was not harmful and the error is not such as to warrant a reversal.

Third. We have considered the alleged errors of the trial court in admitting improper evidence offered by appellee and conclude there was no error.

The witness Stiritz in his testimony as above referred to said he did not remember the exact date when appellant made the statement of and concerning the appellee, but thought it was about a year before and that if this was true the alleged conversation would have taken place after suit brought. It was not established that the conversation was after suit brought but if so it would have been admissible in evidence in connection with the testimony of McClintock to show a repetition of the slander and in aggravation thereof, nor can we see any objection in admitting evidence of the circumstances under which appellee weighed coal and that he had been required to and had taken an oath as weighman.

The damages were not excessive. Upon a consideration of the entire record in the case we believe sub-

stantial justice was done and the judgment will be affirmed.

*Affirmed.*

Mr. Justice DUNCAN took no part in the decision of this case.