Dr. Kasmir Zurawski, Appellee, v. Dziennik Zjedno-
czenia Publishing Corporation, Appellant.

Gen. No. 38,461.

Opinion filed June 22, 1936.   Rehearing denied July 6, 1936.

BEACH & BEACH, of Chicago, for appellant.

HUGH T. MARTIN, ALBERT T. BELSHE and BREWER, SMITH & FARRELL, all of Chicago, for appellee; JAMES WALKER MILNE, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action whereby the plaintiff sought to recover damages from the defendant for an alleged libel claimed to have been published in the Polish language in defendant's newspaper of and concerning the plaintiff, was heard in the circuit court of Cook county. The case was tried before the court without a jury, and at the conclusion of the hearing a finding was entered assessing plaintiff's damages in the sum of $1,000, and upon the finding the court entered a judgment against the defendant, from which defendant appeals to this court.

Plaintiff claims that the defendant published a newspaper in the Polish language in Chicago, of which it was the owner, and which it called Dziennik Zjednoczenia, translated, "Polish Union Daily."

In the November 2, 1933, issue of this Polish newspaper appeared an article in Polish, a translation of which is set up in the complaint. The plaintiff is a naturalized Pole and a physician in Chicago, specializing in skin diseases. He has traveled very extensively, and was active in K. O. N., a Polish organization founded in 1912 to promote the independence of Poland; has also been very active in other Polish organizations, and at the time of the trial was the owner of an apartment building in Warsaw, Poland. In November, 1933, he received a decoration from the Polish Government.

The article complained of in the Polish Union Daily and set up in the complaint filed by the plaintiff, was

in regard to the action of the Polish Government in awarding decorations to persons who the editor of the paper felt were not deserving of such decorations, when many others who had rendered great services in the Polish cause remained undecorated.

The material portion of the article upon which plaintiff's action for libel was founded is in these words:

"In the columns of several Polish papers there is now a discussion of new rain of decorations which is to fall on the chests of those workers who are favored by those circles in Warsaw which are giving out the decorations today. . . .

"Our duty compels us to announce today that a certain doctor known formerly by his activity in K. O. N., later a world traveler and recently located in Chicago purlience (purlieu) is to receive a high decoration and medal for artistic (it seems) work and not, for example, treatment of diseases of the skin . . . and . . . others. . . .

"For some years former 'honor vivas' of this kind emitted a specific stench. Characteristic of it is an epigram of Pushkin one of the greatest Russian poets, written on the occasion of giving of a high decoration to one of the Russian dignitaries serving the government well. This epigram is as follows:

> " 'O Lord God Jesus Christ,
> You have saved a thief on a cross
> And now you have new trouble
> To save a cross on a thief.' "

The plaintiff alleges in his statement that the facts stated in the publication were wholly false; that by means of the publication plaintiff was injured in reputation to his damage, and demands judgment against the defendant for $5,000.

It appears from the evidence in this record that plaintiff's reputation was good, but because of the pub-

lication plaintiff claimed he was subjected to hatred, ridicule and contempt.

The defendant newspaper publishes a paper of general circulation, which is circulated among the Polish reading people in Chicago, and the plaintiff's position is that the article was libelous *per se,* and that he is entitled to punitive damages, even though he has not pleaded nor established by evidence that he has suffered actual damages.

The answer of the defendant to this contention is that the article is not libelous *per se,* and that no general rule has been laid down by the courts defining what words are defamatory and what are not; that each case depends largely upon its own facts, and that no action for libel can be predicated on words used as terms of abuse, ridicule or criticism, where the reader understood them as such. It is further urged that certainly the use of such words cannot be actionable in the absence of an allegation and proof of special damages.

It is necessary in our discussion to determine whether the alleged libelous article charges the plaintiff with crime, and therefore, by the use of the printed words, is libelous *per se.*

The rule applicable calls for proof that in the article alleged to be libelous words were used charging a crime, and no citation of adjudicated cases is necessary to support this rule. It is contended that the plaintiff was charged with being a thief, and, being so charged, of having committed a crime, and by reason thereof he had been subjected to ridicule, contempt, and scorn among his people. Therefore, the question now to be considered is whether or not the plaintiff was charged with crime.

The article in question criticises the award of the decoration to the plaintiff, by the Polish Government, and in its criticism the defendant used harsh language in commenting upon the decorations given "to those

who not only did nothing for Poland but even interfered with others in the work." In doing so this unfortunate expression was used:

> "O Lord God Jesus Christ,
> You have saved a thief on a cross
> And now you have new trouble
> To save a cross on a thief."

The plaintiff rightfully acquired the decoration by the award of the Polish Government, and therefore is the lawful owner of the award and cannot be held to have acquired the decoration illegally. In other words, the plaintiff could not be guilty of larceny in taking what was his own.

One of the earliest cases upon the question of a libelous statement claimed to charge a crime is that of *Tebbetts v. Goding,* 75 Mass. 254, wherein the plaintiff alleged a charge of arson, and where the court said:

"The declaration in the present case is insufficient in this particular. The words spoken by the defendant import no charge of crime. Standing by themselves, they do not even indicate whether the burning was intentional or the result of carelessness. This amounts to nothing more than that the act of the plaintiff caused his own mill to be destroyed, which might have been lawfully and innocently done." See also *Bloss v. Tobey,* 2 Pickering's Rep. 320.

Then again, the Supreme Court of Kansas in *Gregory v. Nelson,* 103 Kan. 192, said:

"If the slanderous words used are calculated to induce the auditors to think the person charged has committed the crime, the injury has been inflicted, and the author is liable. Of course, if the statement in its entirety shows that no crime was committed, as if it had been said that a person had killed one whom the auditors knew was living, or if there is an imputation of a crime of which a person could not be guilty, and of

which one hearing the statement must know that he could not by any possibility be guilty, no action would lie. (Newell on Slander and Libel, 3d ed. p. 129.)"

While it is true that the charge of crime in a libelous article need not be stated with such precision as would be required in an indictment, still if the words used fairly impute a crime, the charge is sufficient.

We are unable to agree with counsel for the plaintiff that the word "thief" in the article means that the plaintiff has committed the crime of larceny. There is nothing in the facts as we have them before us which would indicate a charge was made such as would reflect upon the integrity of the plaintiff. While the article itself is an unfair criticism and is not justified by anything we have been able to find in the record, yet as to what this court would do if proper allegations had been made, together with an allegation of special damages suffered by the plaintiff, we are not prepared to say.

The allegations of the complaint will control as to the admissibility of evidence, and we do not agree with the theory advanced by the plaintiff that he is entitled to punitive damages, even though he has not pleaded nor established by evidence that he has suffered actual damages.

The use of the word "thief" in the article now under consideration was not directly applied to the plaintiff with the intention of creating in the minds of the readers thereof that plaintiff was guilty of larceny, and unless the words used would convey to the readers the idea that plaintiff was a thief in the sense that he was guilty of the crime of larceny, the words were not libelous, as alleged.

In this court in the case of *Merrill v. Marshall,* 113 Ill. App. 447, we considered the use of the word "thief" and its application to a past act or transaction, and there said: "The word thief, in its ordinary acceptation, imputes the crime of larceny and is ac-

tionable *per se;* but if the word be spoken of the defendant in relation to a past act or transaction, which was known to the hearers, and which past act or transaction was not larceny, nor indictable as a crime, the use of the word is not actionable. *Ayers v. Grider,* 15 Ill. 37; *Young v. Richardson,* 4 Ill. App. 364, 373–4; *Foval v. Hallett,* 10 Ill. App. 265; *Welker v. Butler,* 15 Ill. App. 209; *McKee v. Ingalls,* 4 Scam. 30; *Zuckerman v. Sonnenschein,* 62 Ill. 115.'' This reasoning is pertinent in its application to the charge made in the instant case.

Then again, we said in *Van Daalen v. Power,* 147 Ill. App. 635, which case has been cited by both sides to this litigation, that—

''The words, 'You are a thief,' are not actionable unless the defendant in speaking them intended to impute crime to the defendant (plaintiff). This intention will be presumed from the use of the words if not explained. All of the conversation, the facts and circumstances attending it, are to be weighed and considered in determining whether in speaking those words defendant intended to charge the plaintiff with a crime.''

Therefore, taking all the facts and circumstances together, the use of the word ''thief'' in the quotation from the poet Pushkin does not charge the plaintiff with being guilty of the crime of larceny, and having reached this conclusion we are of the opinion that the court erred in the entry of the judgment for $1,000 here on appeal.

For the reasons stated in this opinion, the judgment is reversed.

*Judgment reversed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.