### John Churan v. Katerina Sebesta.

#### Gen. No. 12,994.

1. BREACH OF PROMISE OF MARRIAGE—*what evidence incompetent in action for.* *Held,* that evidence of a venereal disease contracted from the defendant was incompetent in aggravation of damages.

2. BREACH OF PROMISE OF MARRIAGE—*what evidence competent in action for.* *Held,* that evidence of pregnancy resulting from intercourse had with the defendant in faith of his promise is competent in an action for breach of promise of marriage.

3. BREACH OF PROMISE OF MARRIAGE—*what damages may be recovered in action for.* The only damages that can be recovered in an action for the breach of a promise of marriage are those which spring from the breach of the contract and, in addition, those which the jury may choose to give to punish the defendant for violating that promise under circumstances which show malice and evil motives.

Breach of promise of marriage. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed February 7, 1907.

EDWARD U. FLIEHMAN, for appellant; JOSEPH F. KOHOUT, of counsel.

CHARLES VESELY, for appellee; CHARLES T. FARSON, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment against the ap-

pellant in favor of appellee for $3,000 in a breach of promise suit. The assignment of errors covers various alleged errors in the admission of evidence, the giving and refusing of instructions, and improper remarks of court and counsel in the conduct of the trial.

As we shall reverse the judgment and remand the cause for a new trial because of the admission of improper evidence materially tending to influence the jury in its verdict and to aggravate the damages found, and because of an instruction based on such evidence, we shall confine ourselves entirely to a discussion of that point, merely saying that while it is not necessary for us to take up in detail the various other matters insisted on as errors, we find no reversible and fatal error in them.

But over the objection of the defendant the plaintiff introduced testimony tending to show that after the alleged promise of marriage and a consequent seduction of the plaintiff by the defendant, she contracted from him a venereal disease which caused her much suffering. It is unnecessary to specify the particular questions and answers objected to. The first evidence concerning the matter was objected to, but admitted, and then the question whether the defendant did as a matter of fact communicate to the plaintiff a disease as alleged, became apparently one of the chief issues in the case, to which much of the testimony was directed.

It is unnecessary even to consider, as we are urged by appellee's counsel to do, whether the objections to the testimony were or were not properly reserved by the plaintiff. The question whether or not the evidence was proper to be considered by the jury in assessing damages was thus treated by the trial judge in an instruction, the giving of which was excepted to and is assigned for error:

"The jury are instructed that if they believe from the evidence that the defendant seduced the plaintiff, and succeeded in inducing her to consent to sexual inter-

course with him upon the faith of a promise of marriage, and that in consequence of such intercourse the defendant infected the plaintiff with a venereal disease, and that she suffered from the same for some considerable time, then the jury may take this circumstance into consideration in fixing the amount of damages to be assessed against the defendant in this case, provided the jury shall be of the opinion, under the evidence and the instructions of the court, that the plaintiff has proved her case as alleged in any count of her declaration.''

The almost inevitable influence of such an instruction in aggravating the damages assessed, assuming that the jury believed that the defendant did infect the plaintiff with disease, is too manifest to make its giving less than fatal error—if as a matter of law, the jury were not at liberty to take this fact into account and the evidence of it was irrelevant and immaterial to the issues involved in the case. This we must hold it was.

The action for a breach of promise of marriage is an action *ex contractu.* It is true that it is an exception to the general rule which forbids punitive damages in actions *ex contractu.* Jacoby v. Stark, 205 Ill. 34.

But the only damages that can be recovered in it, as we understand the law, are those which spring from the breach of the contract and, in addition, those which the jury may choose to give to punish the defendant for violating that promise, under circumstances which show malice and evil motives on his part.

We cannot see how the fact (if it be a fact) that after a promise of marriage defendant communicated to the plaintiff a loathsome disease, can be said to enhance the loss which she suffered from the breach of the promise, or, indeed, should make the punishment for not carrying out the promise of marriage more severe. Reprehensible as the conduct of the defendant must be held to be in such a case—and the ground, it may be, of an action in tort by itself—it cannot be an aggravation of a refusal to fulfill a promise of marriage that

the defendant is physically degenerate and an unsafe companion; nor would the fulfillment of the promise restore health or lessen the suffering from the disease contracted. Presumably, if it had any effect, it would aggravate it.

Counsel for appellee argue that because under the decisions of our Supreme Court there can be, in breach of promise cases, even without special allegations in the declaration, evidence introduced of seduction and of pregancy, the result of seduction, therefore the evidence of venereal disease—a result or incident of seduction, as they claim, equally with pregnancy—is competent. We think this a *non sequitur*. Aside altogether from the consideration that the infection is not, like pregnancy, a natural incident of the seduction, but a tort and wrong independent of and additional to the seduction, as distinct from it as a cruel assault by blows and violence by the defendant on the plaintiff would have been, it is to be noted that the seduction of a woman and her pregnancy on account of it directly increase the loss and damage which the breach of a contract of marriage inflicts on her.

A virtuous woman, merely unwarrantably jilted, frequently, if not generally, has reason to be grateful that she was spared a greater disappointment, which the fulfillment of the contract would have brought to her; but a woman seduced and deserted, with or without a child, but especially if she be pregnant or has borne a child, suffers special damage by reason of those facts, in the breach of the contract. Its fulfillment means the rehabilitation if not the entire preservation of her reputation and the legitimizing of her offspring. Its breach means the probable loss of her reputation and the bastardizing of her offspring. The difference between the two situations largely measures the damages which she suffers because the promise is not kept. But, as we have said, the fulfillment of the promise to marry would not secure or hasten the re-

covery from a secret disease, least of all when its natural result would be further contamination.

The evidence tending to show seduction in this record was competent, and the instruction concerning it correct. But this was not the case with the evidence and instruction concerning the alleged venereal disease, and for the error of admitting the said evidence and giving the said instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*