TOWN OF VINEGAR HILL

*v.*

JOHN BUSSON.

</div>

42   45
205   ² 37

1. NEW TRIALS — *verdict against the evidence.* When it cannot be seen that a verdict is against the weight of evidence it will not be disturbed.

2. INSTRUCTIONS — *defects cured by other instructions.* Where an instruction is subject to criticism because it omits to inform the jury as to all the law governing the question under consideration, but there are other instructions given on behalf of the same party which supply such deficiency, so that the jury cannot be misled as to the law, the objection to the first instruction will thereby be obviated.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of debt commenced before a justice of the peace in Jo Daviess county, by The Town of Vinegar Hill against John Busson, for continuing an obstruction of a public road. The cause was removed into the Circuit Court by appeal, where a trial resulted in a verdict and judgment for the defendant. The plaintiff brings the cause to this court by appeal. The opinion of the court contains a statement of the case.

Mr. LOUIS SHISSLER, for the appellant.

Mr. M. Y. JOHNSON, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was a prosecution for obstructing a public highway. The prosecutor relied upon proof of public travel over the way in controversy for over twenty years. Also a survey of the way under town authority as a public road which had been used as such for a similar period. On the question of user, the evidence was conflicting. It was of such character as to be highly proper that it should be left to the jury to say on which side the weight inclined. And the jury having determined that question, we feel no disposition to disturb their verdict. We cannot say that it is against the weight of the evidence.

It is insisted, that the jury were misled by the first instruction given for defendant below. It is this: " The jury are instructed, that, before they can find a verdict in favor of plaintiff, they must be satisfied from the testimony that the law has been fully complied with in the survey and location of said road, and that the same was, at the time of the commencement of this suit, a public road." The other instructions are not complained of by appellant. The objection urged to this, is, that it leaves them uninformed as to what the law requires, in such a survey and location, to constitute a legal highway. Had this instruction stood alone, unexplained by others, it might have been subject to this criticism. But, by the third of defendant's instructions, the jury are told that it is necessary to the establishment of a public highway by prescription, survey and location, that plaintiff should prove the road surveyed, and the old one, are identically the same, and that the road claimed to have been obstructed was the same road used for twenty years, and had been surveyed and located under the statute. This instruction explains the first, and removes all doubt as to what had to be shown, to recover.

If it had not, plaintiff's instructions explained what the law required to render the road a public highway. And if the jury considered all of the instructions given, and we must presume they did, we cannot see how they could have been mis-

led. The instruction complained of, did not erroneously state the law, but only omitted to announce what it was. But the jury could not have been left even in doubt as to the law of the case. Being unable to perceive any error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*