Garretson v. Becker.

---

### Milton Garretson v. Louis Becker.

1. Verdicts—*When Not to be Disturbed.*—In cases where the testimony is conflicting and that produced in behalf of the plaintiff is sufficient to justify the finding, a verdict of the jury is not to be disturbed by a reviewing court on the ground of insufficiency of the evidence.

2. Instructions—*May Assume Facts Not Controverted.*—An instruction may assume facts which are not controverted.

3. SEDUCTION—*Action at Common Law—Damages.*—The common law gave the father an action for the seduction of his daughter upon the ground alone that he was entitled to her labor and services, and by the seduction had lost them. The measure of his damages was only such as resulted from the disabling physical injury to the servant.

4. SEDUCTION—*The Action in Illinois—Damages.*—In actions for seduction the father must prove that the relation of master and servant existed, but it is little more than a legal fiction, and proof of the nominal relation of master and servant is sufficient to give the father a standing in court. Proof of the slightest service is sufficient, and when proven and the cause otherwise established the extent of the recovery is not limited to the value of the services lost to the parent as a master, but the shame and mortification of the father, the injury to the good name and character of the family of which he is the head, and the mental suffering of the father because of the dishonor to his family, are proper elements of damage.

5. SEDUCTION—*Age of Person Seduced.*—In actions for seduction the age of the daughter is immaterial. If a minor and unmarried the father is entitled to her services. The relation of master and servant need not be otherwise proven. If an adult, it must appear that she resided in the family, and there must be some proof of slight acts of service, and if such be proven the age of the daughter is immaterial.

**Memorandum.**—Action for seduction. Error to the Circuit Court of Hancock County; the Hon. CHARLES J. SCHOFIELD, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

*Plaintiff's instructions assigned for error :*

2. The court instructs the jury that if you find for the plaintiff, then besides the loss of services, you can give such additional damages for wounded feelings, mental suffering, and for the dishonor of the plaintiff and his family as you shall deem from the evidence to be compensation therefor.

5. The court instructs the jury that under the law of this State a female can not bring an action against her seducer for damages resulting from the seduction, but an action can be brought by the father for the seduction of his daughter, and for the loss of her services, and it makes no difference what the age of the daughter is, provided she was, at the time of the seduction, residing with him, and was a part of his household and rendering him services, and provided, also, the father in no manner consented to the seduction, and has been deprived in any degree or manner of her services by reason of the seduction. And if the jury believe from the evidence that Rosetta E. Becker is the daughter of the plaintiff, and that the defendant in the year 1890 seduced and had sexual intercourse with her, and that she became pregnant and was delivered of a child as the result of such sexual intercourse, and that at

Garretson v. Becker.

the time of such seduction and intercourse she resided with the plaintiff and was a part of his household, and that she rendered services for him either at his house or at his store, and that because of such pregnancy and the delivery of said child, the plaintiff was deprived of her services, and if you shall find that the plaintiff, Louis Becker, in no manner consented to such seduction or sexual intercourse, then you shall find for the plaintiff, and in such case it makes no difference how old Rosetta E. Becker was, at the time of such sexual intercourse.

O'HARA, SCOFIELD & HARTZELL, and J. W. MARSH, attorneys for plaintiff in error

WILLIAM N. GROVER, TRUMAN PLANTZ and CHAS. R. YOUNG, attorneys for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action was case, brought by defendant in error to recover damages for the alleged seduction of his daughter by plaintiff in error.

The judgment upon the verdict of the jury was for the defendant in error in the sum of $1,700. The errors assigned are (1) that the verdict is not supported by the evidence; (2) the court erred in giving instructions No. 2 and 5, given in behalf of the defendant in error; (3) that the damages are excessive.

We were favored in this case with able and exhaustive oral arguments of counsel in addition to the printed briefs and arguments, which are full and complete. Counsel and client may feel that nothing has been left undone to bring the facts and law of this case fully before the court. We have read carefully the testimony submitted to the jury by the respective parties. It is contradictory and conflicting, and the weight and value of much of it depended upon the credit given to certain witnesses who either testified falsely or were grossly mistaken.

The judge and the jury who tried the case in the Circuit Court, and there saw the different witnesses and heard them testify, had advantages vastly superior for the ascertainment

of truth and the detection of falsehood, error or mistake, over this court, sitting as a court of review, and having before it only the words of the witnesses in writing in the record. It is not complained that improper testimony was received or proper proof rejected. The evidence produced on behalf of the defendant in error, if accepted as true, and believed, as it seems to have been by the jury, seems to us amply sufficient to uphold the verdict. It would serve no good or useful purpose to refer to it in detail and could not but be unpleasant to all persons concerned to have a recitation of the testimony in behalf of the plaintiff printed in a book of the opinions of this court. We therefore forbear to say more than that the evidence submitted to the jury was conflicting; that it was the peculiar province of the jury to reconcile it if possible, and to believe and credit one witness and discredit and disbelieve another as they found reason so to do; that the evidence produced in behalf of the plaintiff was sufficient to justify the finding and that when all this is true a verdict of the jury is not to be disturbed by a reviewing court on the ground of insufficiency of the evidence. I. C. R. R. Co. v. Gillis, 68 Ill. 317; Calvert v. Carpenter, 96 Ill. 63.

The objection to instruction No. 2 is that it, as counsel insists, assumes that the defendant in error lost the services of the daughter and erroneously directs the jury that the mental suffering of the entire family of the defendant in error (which counsel suggests includes the daughter who was seduced), might be taken into consideration as an element of damages if they found for the plaintiff below. It was proven and not contradicted that the daughter was a member of the plaintiff's household, that she rendered services to some extent as a housekeeper and also as a clerk in his business as a retailer of dry goods, groceries, etc., and likewise it appeared, without contradiction, that in consequence of the seduction she became pregnant, the mother of a child, sick, etc., etc., and therefore unable to work.

The instruction only assumed as being true, facts that were uncontroverted, which may be properly done.

The instruction will not bear the construction put upon it by counsel as to the elements of damages. It does not authorize the jury to consider the mental suffering of the girl who was seduced.

The instruction is that "besides loss of service you may give such additional damages for wounded feeling, mental suffering, and for the dishonor of the plaintiff and his family as you may deem compensation therefor under the evidence."

The common law gave the father an action for the seduction of his daughter upon the ground alone that he was entitled to, and by the seduction had lost her labor and services and the measure of his damages was only such as resulted, from the disabling physical injury to a servant. While we yet preserve the old doctrine that the father must prove that the relation of master and servant existed, yet it is little more than a legal fiction, and proof of the nominal relation of master and servant is all that is required to give the father a standing in the courts. Proof of the slightest service is sufficient (Doyle v. Jessup, 20 Ill. 460; 21 Eng. & Amer. Ency., 1010, 1011 and 1012); and when proven and the cause otherwise established, the extent of the recovery is not limited to the value of the services lost to the parent as a master, but the shame and mortification of the father, the injury to the good name and character of the family of which he is the head, and the mental suffering of the father because of the dishonor to his family, are proper elements of damage. Yundt v. Hartrunft, 41 Ill. 9; 21 Amer. & Eng. Ency., 1010, 1011 and 1012.

Tested by these views the instruction is not open to criticism.

Instruction No. 5 does not, as counsel for appellant urge, instruct the jury that "it makes no difference what the age of the daughter is," but the instruction is that the age of the daughter is unimportant, providing "she was residing with him as a part of his household and rendering him service," etc. If the daughter is a minor and unmarried, the father is entitled by law to her services, and the

relation of master and servant need not otherwise be proven. If the daughter is an adult it must appear that she resided in the family of the father, and there must be some proof of slight acts of service, and if such be proven the age of the daughter is immaterial. The instruction was properly given. 21 Amer. & Eng. Ency. of Law, page 1016, and cases cited, note 2.

As no reason appears demanding the reversal of the judgment, it is affirmed.