## FRANK J. JACOBY

*v.*

## LENA STARK.

*Opinion filed October 26, 1903.*

1. DAMAGES—*exemplary damages recoverable in action for breach of promise.* Exemplary or vindictive damages may be recovered in an action for breach of promise of marriage if the defendant was guilty of fraud or deceit, or was moved by evil motives in making the promise or in the breach thereof.

2. SAME—*declaration need not allege exemplary damages in breach of promise case.* Exemplary damages arising out of improper motives of the defendant in making a promise of marriage or in the breach thereof need not be specifically declared upon.

3. SAME—*when instruction as to actual damages is proper.* An instruction authorizing the jury in a breach of promise case to consider "the money value or worldly advantage of a marriage which would have given plaintiff a permanent home" is properly given, where the evidence shows that defendant told her he would build a house on lots which he owned and that they planned the house.

4. INSTRUCTIONS—*when error in instruction is cured.* Error in an instruction for one party is cured where the instructions, taken as a whole, are entirely harmonious and as a series present the law correctly.

*Jacoby* v. *Stark*, 108 Ill. App. 630, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

LIVINGSTON & BACH, and WELTY & STERLING, for plaintiff in error.

KERRICK & BRACKEN, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in assumpsit by the defendant in error against the plaintiff in error, to recover damages for the breach of a contract of marriage. The cause was tried before a jury, who returned a verdict in favor of

the defendant in error in the sum of $2100. Judgment was entered on the verdict, and the Appellate Court for the Third District affirmed the judgment. This writ of error challenges the judgment of affirmance.

The only errors urged relate to the action of the court in instructing the jury. · But two instructions were given for the defendant in error. Both were intended to advise the jury as to the elements of damage proper for their consideration. Instruction No. 1, so far as it relates to vindictive damages, was as follows: "And you are further instructed by the court, that in this case, if you should find for the plaintiff, you have the right to punish the defendant for violating the promise to marry the plaintiff by awarding exemplary or punitive damages, in addition to actual damages, against the defendant, if the jury believe, from the evidence, that exemplary and punitive damages should be awarded." Instruction No. 2, upon the same element of damages, read as follows: "You are further instructed by the court, that in this case you have the right, should you find for the plaintiff, to award her exemplary and punitive damages in addition to actual damages, if you believe, from the evidence, that exemplary and punitive damages should be awarded."

The general rule that exemplary or vindictive damages cannot be recovered in actions *ex contractu* does not apply to an action to recover damages for the breach of a contract to marry. In such actions exemplary damages may be awarded if the defendant was guilty of fraud, deceit, or was moved by evil motives in making the contract or in the breach thereof. (5 Cyc. 1021; 4 Am. & Eng. Ency. of Law,—2d ed.—899; 3 Sutherland on Damages,— 2d ed.—sec. 986; *Fidler* v. *McKinley*, 21 Ill. 308.) It is not essential that exemplary damages, arising out of improper motives in entering into the contract of making or in refusing to comply therewith, should be specifically declared for in the declaration. Such damages may be

recovered as part of the general damages if the evidence discloses a proper case for the infliction thereof. (5 Ency. of Pl. & Pr. 745.)   Whether seduction is admissible as a basis for the assessment of vindictive damages without being specially pleaded need not be determined, as nothing of that nature is involved in this record.

It is pointed out, however, that in both of the instructions given at the request of the defendant in error, hereinbefore set out, all reference is omitted to the peculiar circumstances of aggravation which must be present to authorize the infliction of punitive damages, and it is urged the instructions must be condemned as erroneous for that reason.   There would be much force in this insistence if these instructions stood alone as the charge of the court to the jury.   Another instruction given by the court to the jury fully supplied the omissions in those under consideration and cured the defects therein. At the request of the plaintiff in error the court further instructed the jury as follows:

"You are instructed that if you believe, from the evidence, that the conduct of the defendant in relation to his failure to perform a marriage contract in question with the plaintiff has been free from malice and there was no circumstance attendant therewith that showed any willful or malicious disregard for plaintiff's rights, then the plaintiff will be confined in her recovery to the actual loss, if any, sustained by her for reason of the defendant's failure to perform the marriage contract in question, as shown by the evidence."

The two instructions which are the subject of criticism were not erroneous in that they declared to the jury that exemplary damages might be awarded in the action upon proper evidence, but in the fact that they did not go further and advise the jury that such damages were permissible only when there had been some element of deceit, malice or oppression connected with either the formation of the contract or the breach thereof.   The

instruction given at the request of the plaintiff in error supplemented those given at the request of the defendant in error and supplied what was omitted in them. The instructions, taken as a whole, are entirely harmonious, and as a series presented the law correctly, and the error of granting those given for the defendant in error was cured. *Town of Vinegar Hill* v. *Busson*, 42 Ill. 45; *Hoge* v. *People*, 117 id. 35; *Durham* v. *Goodwin*, 54 id. 469; *Stowell* v. *Beagle*, 79 id. 525; *Toledo, St. Louis and Kansas City Railroad Co.* v. *Bailey*, 145 id. 159.

That the plaintiff in error sought the hand of the defendant in error in marriage was not denied, and that there was a contract was not denied. He sustained the relation of an engaged lover to her for a period of two years. No justification for the refusal to comply with the contract of marriage was attempted to be shown, and we are inclined to accept the view of counsel for defendant in error that the evidence so far tended to establish that the plaintiff in error insincerely and deceitfully advanced untruthful, unsubstantial and frivolous reasons for casting the defendant in error aside, as to fairly justify the imputation that he was trifling with her affections and was moved by evil or improper motives in seeking to avoid the fulfillment of his contract with her, and that his actions were such as to indicate that he was indifferent to the humiliation that would befall her, and that the breach of the contract on his part was ruthless and unjustifiable. The tendencies of the evidence were therefore sufficient to authorize instructions with reference to the allowance of punitive damages. (3 Sutherland on Damages, 2190.)

It was not improper to advise the jury that if they found for the plaintiff, in estimating the damages they might consider "the money value or worldly advantage of a marriage which would have given plaintiff a permanent home, if you believe, from the evidence, the defendant would have been able to give the plaintiff such a

home." The complaint is, there was no proof to warrant the giving of this instruction. We find in the record proof that the plaintiff in error told the defendant in error he would build a house on lots which he owned, for a home for them, and that they planned the house that he said he intended to build.

What has been said as to the action of the court in granting instructions, heretofore considered, disposes of the contention the court should have given instructions Nos. 1, 2 and 4, which were tendered by the plaintiff in error but refused.

The judgment must be and is affirmed.

*Judgment affirmed.*