(No. 34540.—

MARJORIE M. SMITH, Appellant, *vs.* FORREST HILL, Appellee.

*Opinion filed January 24, 1958.*

Bristow, J., dissenting.

Wilson & Carnahan, of Sycamore, (Wayne Wilson, and Kenneth L. Carnahan, of counsel,) for appellant.

Francis E. Cash, of De Kalb, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

This cause comes here on direct appeal from a judgment of the circuit court of De Kalb County sustaining appellee's motion to dismiss an amended complaint for breach of promise, and from a judgment entered upon the counts so dismissed, upon which appellant elected to stand.

The said amended complaint consisted of three counts. The first count alleged the promise to marry and the date the ceremony was to be performed; that confiding in said promise the plaintiff has remained unmarried and is still ready and willing to marry the defendant, but that defendant refused and continues to refuse to marry the plaintiff, and that plaintiff did send a notice to the defendant stating these facts in compliance with the statute relating to breach of promise, to plaintiff's damage in the sum of $20,000.

Count II realleged all of the allegations of count I and further alleged, in paragraph 5 thereof, that after the exchange of mutual promises to marry the plaintiff per-

mitted herself to be seduced, confiding and relying upon defendant's promise to marry her; and further alleging in paragraph 6 that by reason of such intimate relation the plaintiff became pregnant and gave birth to a child, that by reason thereof, she has expended great sums of money for doctor and hospital bills, and will have to provide for the support of the child; that she has been required to give up her employment and will be unable to work for several years, all to her damage in the sum of $20,000.

Count III adopted all of the allegations of count II of the amended complaint and further alleged in paragraph 7 thereof that as a result of defendant's breach of his promise to marry her, she has suffered mental anguish and injury to her health, humiliation and degradation in the eyes of her friends and members of the community in which she resides, that she has lost the advantage of the worldly position she would have attained if defendant had complied with his promise and she has lost her opportunity, while engaged, to meet other suitors in marriage and arrange a marriage for herself.

By the 8th paragraph of said count she alleged that the defendant should be required to pay her full and complete compensatory damages for the injuries she suffered at his hands, and aggravated damages, and in addition punitive and exemplary damages in an amount as may be determined to be just and fair. She then prayed for damages in the sum of $30,000.

The defendant then moved to strike count I of the complaint, paragraphs 5 and 6 of count II of the amended complaint, and paragraphs 5, 6, 7, and 8 of count III of the amended complaint. The reasons assigned by the defendant were that there is no similar cause of action in the State of Illinois in a female for her own seduction and ensuing pregnancy; that seduction and pregnancy are not valid elements of actual damages in a suit for breach of promise but are aggravated damages not recoverable under

the statute relating to breach of promise; that the expenses attendant to the birth of a child and the ensuing loss of wages and employment by the mother are not valid elements of damages in an action for breach of promise in Illinois; that plaintiff nowhere in counts I, II or III alleges that plaintiff has sustained actual damages nor are any actual damages set forth; and the damage allegations are in direct contravention of the act of 1947 relating to breach of promise. (Ill. Rev. Stat. 1955, chap. 89, pars. 25, 26, 27, and 33.) The plaintiff then orally moved to dismiss the defendant's motion, contending that the sections of the statute relating to breach of promise are unconstitutional in that they violate section 19 of article II, section 22 of article IV, and article III, of the Illinois constitution. The court then denied defendant's motion to dismiss count I of plaintiff's amended complaint, but did strike the contested paragraphs of counts II and III of the amended complaint and did dismiss counts II and III of said amended complaint.

Thereafter the plaintiff moved the court to dismiss count I of the amended complaint and elected to stand on counts II and III and further moved the court to enter final judgment in the cause so that an appeal might be taken to this court. The court thereupon did dismiss count I of the amended complaint and ordered the entire cause dismissed at plaintiff's costs.

Constitutional issues having been presented by the plaintiff's oral motion to dismiss the defendant's motion, and the court necessarily having ruled thereon, a constitutional issue is presented and the appeal is properly taken to this court. The questions presented by this appeal are whether the act of the General Assembly relating to breach of promise, (Ill. Rev. Stat. 1955, chap. 83, pars. 25 through 34,) (1) violates section 19 of article II of the constitution of Illinois; (2) violates section 22 of article IV of

the constitution of Illinois; and (3) violates article III of the constitution of Illinois.

Section 1 of the act relating to breach of promise or agreement to marry states, in part, "it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by limiting the damages recoverable in such actions, and by leaving any punishments of wrongdoers guilty of seduction to proceedings under the criminal laws of the state, rather than to the imposition of punitive, exemplary, vindictive or aggravated damages in actions for breach of promise or agreement to marry."

Section 2 of the act provides "The damages to be recovered in action for breach of promise or agreement to marry shall be limited to the actual damages sustained as a result of the injury complained of," and section 3 states "No punitive, exemplary, vindictive or aggravated damages shall be allowed in any action for breach of promise or agreement to marry." Plaintiff insists that the damages ensuing from the seduction in this case, the consequent pregnancy and the costs of hospital and medical care relating to the birth of the child are, in fact, actual damages within the terms of the statute, that the plaintiff had a constitutional right to recover such damages and such right might not be taken away by statutory enactment.

Our review of the law in Illinois fails to reveal any case in the courts of Illinois wherein a female has been permitted to bring an independent action for damages for her own seduction. There are cases, however, where damages from seduction and ensuing pregnancy have been allowed in an action of breach of promise, wherein the seduction was alleged and proved to have been accomplished as a result of the trust and confidence placed in the seducer by virtue of his previous promise to marry the woman. It is the general rule and supported by the

great weight of authority that seduction committed under a promise of marriage is admissible in a breach of promise action as evidence in aggravation of damages. (8 Am. Jur. 868, Breach of Promise, sec. 28.) In the first case reported in Illinois involving breach of promise, (*Tubbs* v. *Van Kleek,* 12 Ill. 446,) it was held that, in an action for breach of promise, seduction and the promise of marriage may be given in evidence in aggravation of damages. The court stated that such evidence might be heard by way of aggravating damages even though there were circumstances which would not of themselves constitute distinct causes of action. In the later case of *Fidler* v. *McKinley,* 21 Ill. 308, the seduction under promise of marriage was allowed as evidence in the action for breach of promise for the reason that "When a defendant has acted with a total disregard of the rights of others, and in violation of all principles of honor, or from principles of malevolence, the jury are warranted in giving such damages as will make the case an example to others, although these are beyond the real injuries sustained by the plaintiff."

The measurement of such aggravated damages is for the jury under the evidence, but it is a question of law when the facts in the particular case bring it within the rule in which punitive damages may be assessed. (*Eshelman* v. *Rawalt,* 298 Ill. 192.) It is true that the legislature can not pass an act depriving a citizen of any vested right, but to be a vested right, "It must be something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain." (*People ex rel. Foote* v. *Clark,* 283 Ill. 221.) Of like im-

port is the case of *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367. Numerous opinions of this court agree that the injured party is not entitled to aggravated damages as a matter of right, but that the allowance of such damages is strictly for the determination of the jury. (*Wabash, St. Louis and Pacific Railway Co.* v. *Rector,* 104 Ill. 296; *Hawk* v. *Ridgway,* 33 Ill. 473.) There being no vested right in any plaintiff to exemplary, punitive, vindictive or aggravated damages the legislature may therefore restrict or deny the allowance of such damages at its will. In this view we are joined by a number of our sister States. The Supreme Court of Alabama in the case of *Louisville & Nashville Railroad Co.* v. *Street,* 164 Ala. 155, 51 So. 306, states that a plaintiff is without legal right to punitive damages and "such damages may be even forbidden or affirmatively withheld by legislative enactment * * * in short, such damages until a vested property right attaches to them through a judgment rendered to them in a party's favor, are not properly within the protection of constitutions."

What a plaintiff is entitled to is a cause of action for damages actually sustained when he has suffered injury, and a vested right to punitive, exemplary, vindictive or aggravated damages arises only when such damages have been allowed by a judgment in the plaintiff's favor. This statute does not take away the cause of action for breach of promise or the right to the damages actually sustained by the aggrieved party. What the statute does deny is a right in the plaintiff to aggravated or exemplary damages for a seduction and pregnancy alleged to have been induced in consequence of the trust and confidence imposed in the defendant by reason of his previous agreement to marry. The legislature could properly restrict the allowance of such damages without denying a constitutional right to them.

The trial court therefore was not in error insofar as it ordered those parts of counts II and III relating to the

alleged seduction, the ensuing pregnancy, and the damages arising therefrom to be stricken from said counts of the amended complaint. It is our view, however, that the remaining portions of counts II and III of the amended complaint contained proper allegations to state a cause of action under this statute and contained proper prayers for relief, with the exceptions of the prayer in count III for aggravated damages. The plaintiff, however, did not move to amend counts II and III by striking these portions relating to seduction, pregnancy and aggravated damages. She elected to stand upon counts II and III, including all of these provisions and allegations, and moved to dismiss count I, which contained a general prayer for relief sufficiently broad to include all of the actual damages requested, other than the above improper elements. By her action, any error in dismissing count III, for the reason that certain elements of damages alleged were proper, and that the trial court should have stricken only those portions that contained improper elements, rather than dismiss the said count, is waived by failure of appellant to raise the point in this court by statement or argument. (*People ex rel. Nelson* v. *Olympic Hotel Bldg. Corp.* 405 Ill. 440; *People ex rel. Buchanan* v. *Mulberry Grove Community High School District,* 390 Ill. 341.) It is obvious that the plain intention of plaintiff in standing on only counts II and III without amendment was for the sole and only purpose of relying upon damages arising and sustained by virtue of seduction, pregnancy, and childbirth.

Notwithstanding the fact that the damages for seduction, pregnancy and childbirth can be eliminated from a breach of promise action, without denying any constitutional right to them, the plaintiff nevertheless relies upon other constitutional principles as indicative of the invalidity of the breach of promise statutes.

Appellant urges that the act of 1947 relating to actions for breach of promise or agreement to marry is uncon-

stitutional and in violation of section 19 of article II, section 22 of article IV and article III of the constitution of Illinois.

Section 19 of article II provides, in part, that "Every person ought to find a certain remedy in the laws." Appellant contends that the statute involved singles out a particular group of plaintiffs and denies their recovering full damages.

Appellant relies on *Heck* v. *Schupp*, 394 Ill. 296, wherein this court held a previous act known as the "Heart Balm" act in violation of section 19 of article II of the constitution. That particular act prohibited the bringing of a suit of the kind here in question. The present act does not prohibit such an action, but merely limits the damages recoverable to actual damages.

The legislature in adopting the act in question has merely held as public policy that punitive damages cannot be recovered under the action in question; and, in thus denying such damages as a basis of recovery, the act cannot be in contravention of section 19 of article II of the constitution.

It is further contended that the act violates section 22 of article IV of the constitution in that the act is class legislation. The argument made is that the legislature has singled out breach-of-contract-to-marry cases, and has imposed burdens on plaintiffs in such cases by denying them certain rights to damages, and has granted to defendants therein special or exclusive immunity. In *Bryan* v. *City of Chicago*, 371 Ill. 64, this court held that in order for a law to be general it is not necessary that it operate in every place or upon every person in the State, but if it operates in every place or upon every person brought within the relations or circumstances provided for as affected by the law, the act is general; and as stated in *Gadlin* v. *Auditor of Public Accounts*, 414 Ill. 89, the legislature is under no duty to extend regulatory measures to all fields in which

there may be abuses, and it may confine its restrictions to those classes of cases where the need is deemed to be clearest. Where the law affects all members of the same class alike it is not class legislation. *People* v. *Callicott,* 322 Ill. 390; *Hansen* v. *Raleigh,* 391 Ill. 536; *Spalding* v. *City of Granite City,* 415 Ill. 274.

The public policy of a State is to be found in its constitution and statutes (*Smith* v. *Board of Education,* 405 Ill. 143), and unless palpably arbitrary is not subject to judicial review. *People* v. *Loitz,* 412 Ill. 313; *Spalding* v. *City of Granite City,* 415 Ill. 274.

The act affecting all members of the same class, and being established as the public policy of the State, on the question involved, and not being arbitrary or unreasonable, does not violate section 22 of article IV of the constitution.

With reference to the act violating article III of the constitution, we have already pointed out that the act does not affect compensatory damages, but only damages considered in their nature as punitive. The act in restricting recovery to actual damages, which term includes both general and special damages and encompasses compensatory damages because they are synonymous, does not invade any judicial functions of the courts. The act in barring punitive damages merely establishes a "public policy" that in the interest of society in the particular class of cases such damages should not be awarded. Such damages being allowed in the interest of society, and not to recompense solely the individual, to deny them cannot be said to deny any constitutional right or to encroach upon any judicial function, or to violate any constitutional guaranty of separation of powers.

The judgment of the circuit court of DeKalb County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BRISTOW dissenting:

I cannot agree with the majority opinion on the con-

struction and constitutionality of the controverted statute, and find certain ambiguities and inconsistencies in that opinion. Therefore, I am obliged to dissent.

Primarily, I cannot accept the premise of the majority opinion that "The legislature in adopting the act in question has merely held as public policy that punitive damages cannot be recovered under the action in question." That statement is in direct conflict with the terms of the act, and also with the prior portion of the opinion holding that the statute bars damages for the seduction and pregnancy, since such damages are not punitive, but rather compensatory in character, designed to recompense the injured party for the injury she sustained. (*Fidler* v. *McKinley*, 21 Ill. 308; *Fitzinger* v. *Ahrens*, 151 Ill. App. 396.) Furthermore, since the act does bar some compensatory damages, the statement in the majority opinion that the "actual damages" allowed by the statute are synonymous with "compensatory damages" is also inaccurate.

Moreover, after labelling the damages relating to the pregnancy and seduction as "aggravated," and therefore barred by the statute, the opinion approves the remaining prayers for relief in counts II and III, except the prayer in count II for aggravated damages. Yet count II deals entirely with the damages in consequence of the seduction and pregnancy, and count III claims a variety of elements of damage which are affected by the terms of section 1 of the act (Ill. Rev. Stat. 1955, chap. 89, par. 25,) which the court does not even consider. Certainly the legislative declaration in section 1 that the "award of monetary damages in such actions is ineffective as a recompense for genuine mental or emotional distress," affects plaintiff's claim in count III for damages for mental anguish, injury to her health, humiliation and degradation in the eyes of her friends and the community, loss of the worldly position she would have attained if defendant had complied with his promise, and loss of opportunity, while engaged, to meet

other suitors. Does the statement in the opinion giving approbation to count III, except for that part relating to the seduction, mean that all of these other elements are proper, regardless of section 1 of the act? I think this portion of the opinion warrants clarification; otherwise it will merely nurture litigation.

Before presenting my own conclusion with respect to the construction and validity of the statute in the light of its avowed purpose and legislative history, I shall review plaintiff's common-law right of action in order to properly evaluate the extent of the modification effected by the controverted statute.

The common-law action for breach of promise of marriage has been recognized in this State since the early case of *Tubbs* v. *Van Kleek,* 12 Ill. 446, decided in 1851. Illinois, in accordance with the weight of authority, (11 C.J.S. 808-812,) has allowed damages in such actions for such elements as mental anguish, injuries to plaintiff's health, reputation, future marriage prospects, loss of financial and social advantage which would have resulted from the marriage, (*Jacoby* v. *Stark,* 205 Ill. 34; *Douglas* v. *Gausman,* 68 Ill. 170; *Witton* v. *Nelson,* 294 Ill. App. 612,) as well as damages for any seduction or pregnancy under the promise of marriage, (*Tubbs* v. *Van Kleek,* 12 Ill. 446; *Fidler* v. *McKinley,* 21 Ill. 308; *Judy* v. *Sterrett,* 153 Ill. 94; *Poehlmann* v. *Kertz,* 204 Ill. 418; *Nelson* v. *Sutton,* 232 Ill. App. 93,) and exemplary or punitive damages if defendant were guilty of fraud or deceit, or was moved by evil motives in making the promise or breach thereof. *McQuillen* v. *Evans,* 353 Ill. 239; *Jacoby* v. *Stark,* 205 Ill. 34.

With respect to these elements of damage, it is significant to note that damages for seduction have been allowed in this action since its inception, as a recompense to plaintiff for her injury, rather than to punish the defendant. (*Tubbs* v. *Van Kleek,* 12 Ill. 446; *Fidler* v. *McKinley,* 21 Ill. 308;

*Poehlmann* v. *Kertz,* 204 Ill. 418.) The court in the *Fidler case* stated at p. 313: "In a case of a breach of promise, accompanied with a seduction, the injury is infinitely greater than where there is only a breach of promise," and held that "every consideration of justice requires him to repair the injury as far as it may be done by adequate damages." Similarly, in *Fritzinger* v. *Ahrens,* 151 Ill. App. 396, the court specifically labelled damages for seduction as "actual damages," given to compensate plaintiff, as distinguished from exemplary or punitive damages imposed as punishment for the public good, or to make a public example, and held that plaintiff was entitled to damages for seduction "as a matter of right."

In 1935, however, the action for breach of promise was abolished by the Heart Balm Act, (Ill. Rev. Stat. 1941, chap. 38, par. 246.1,) which was held unconstitutional in 1946 on the ground that it violated section 19 of article II of the Illinois constitution. (*Heck* v. *Schupp,* 394 Ill. 296.) The following year the legislature enacted the controverted statute governing breach of promise actions, requiring notice within three months of the date of the breach, reducing to one year the time for bringing suit, limiting damages to "actual damages," and prohibiting punitive, exemplary, vindictive and aggravated damages. Ill. Rev. Stat. 1947, chap. 89, pars. 25-34.

Similar statutes were enacted at the same session respecting actions for alienation of affections (chap. 68, pars. 34-40,) and for criminal conversation (chap. 68, pars. 41-47).; however, these statutes contained the additional provision specifically setting forth the elements not to be considered in determining damages, including the wealth or position of defendant, plaintiff's mental anguish, shame, humiliation, sorrow, or injury to the good name or character of plaintiff or his or her spouse, or dishonor to plaintiff's family, resulting from the criminal conversation or alienation of affections.

In construing the Breach of Promise Act in the light of this history, it might be argued that since this statute contains no such provision enumerating the elements of damage omitted, as do the companion statutes, those elements may be deemed to be included. However, according to elementary canons of statutory construction, before considering such negative implications from other statutes, we must first construe the statute itself in its entirety. The statute authorizes the recovery of "actual damages." Light on the meaning of the phrase may be derived from the legislative declaration of necessity appearing in section 1. (chap. 89, par. 25.)

This section sets forth the legislative concern over abuses of the action, the conviction that the award of monetary damages in such actions is ineffective as a recompense for genuine mental or emotional distress, and the declaration of public policy that the best interests of the people will be served by limiting the damages in such actions, and by leaving the punishment of wrongdoers guilty of seduction to proceedings under the criminal laws of the State, rather than by imposing punitive, exemplary, vindictive or aggravated damages.

Although the statute is by no means unequivocal, it appears that the foregoing section evidences a legislative intent not merely to abolish punitive and exemplary damages, as found by the majority opinion, but also to restrict the compensatory damages by excluding damages for the greater injury of seduction and pregnancy, and for the mental and emotional distress caused by the breach of a promise of marriage, all of which have been integral elements of damage in such action since its inception at common law. *Holcroft v. Dickinson,* 124 Eng. Rep. 933 (1672); 4 Sutherland, Damages, 3662.

It must be determined next whether these modifications infringe the constitutional guaranties of section 19 of article II of the Illinois constitution. This section provides:

"Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay."

Although the controverted statute does not completely abolish plaintiff's right to bring an action for breach of promise, as did the statute condemned in *Heck* v. *Schupp*, 394 Ill. 296, the "certain remedy" afforded plaintiff under this act does not compensate her for the injuries sustained. The monetary loss, for which damages are allowed, is small in actions of this character, as compared with the loss of community respect, injury to reputation, and mental distress, for which damages are barred.

I am cognizant that the legislature, pursuant to the police power, may modify or abolish such nonvested rights to damages, (*Grasse* v. *Dealer's Transport Co.* 412 Ill. 179; *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367,) and that the act in question was enacted in the exercise of this power. However, the legislative determination of what constitutes a lawful exercise of the police power is not conclusive, and it is the province of the courts to determine whether the measure has any real substantial relation to the public health, comfort, safety or welfare, or is essentially arbitrary and unreasonable. *People ex rel. Heydenreich* v. *Lyons,* 374 Ill. 557, 563; *Thillens, Inc.* v. *Hodge,* 2 Ill.2d 45; *Klein* v. *Department of Registration and Education,* 412 Ill. 75.

The police power is invoked herein because of the legislative concern over the potential abuse of the breach of promise action, and to prevent spurious suits. These grounds, however, have been rejected by this court as a justification for the exercise of the police power in *Heck* v. *Schupp,* 394 Ill. 296, since "Almost any common-law cause of action may be used, and at times is used by black-

mailers and extortionists." Similarly, the Federal court in *Wilder* v. *Reno,* 49 F. Supp. 727, held that the potentiality of abuse did not justify an exercise of the police power to bar breach of promise and alienation of affections suits. The court reasoned that the very purpose of courts is to separate the just from the unjust causes, and if the courts are to be closed against actions for breach of promise because some suits may be brought in bad faith, the same reason would close the door against litigation of all kinds. It was further stated that, on the contrary, if the police power is to be invoked at all, it should be in favor of the right to maintain such action, since it is in the interest of public policy that a woman injured by a man who has broken his promise to marry her should have the right to recover just damages, and that there should be a restraint against those who would break such contracts.

Although the statutes in the *Schupp* and *Wilder cases* abolished the action entirely, the exercise of the police power does not become more reasonable or appropriate where the action remains available, but with the greater part of the recovery barred. For it is patent from the terms of this act, whereby plaintiff is precluded from recovering for the real injury which she sustained, and its legislative history indicating that it was enacted immediately after the statute abolishing breach of promise actions was held unconstitutional, that this statute was designed to accomplish essentially the same result by so restricting plaintiff's right to damages that the remedy would be nominal. Such chimerical rights do not satisfy constitutional guarantees, for the legislature cannot accomplish by indirection that which it cannot do directly. *People ex rel. Bell* v. *New York Central Railroad Co.* 10 Ill.2d 612.

Moreover, it is not clear just how the legislative purpose of barring spurious breach of promise actions may be effectuated by allowing plaintiffs who are seduced under a promise of marriage the same measure of damages as plaintiffs

who have not sustained that additional injury to their person and reputation, or by limiting the damages of those who have established the legitimacy of their claims.

Nor can the damage restrictions imposed by the act be justified as an exercise of the police power because of the difficulty of their computation, since it is equally difficult to compute the money value of pain and suffering for which damages are allowed by juries each day in personal injury actions, and the same elements barred herein are allowed in suits for slander (*Moore* v. *Maxey,* 152 Ill. App. 647); for malicious prosecution (*Walker* v. *Martin,* 52 Ill. 347); for fraud and deceit in aggravated cases (*Laughlin* v. *Hopkinson,* 292 Ill. 80); and for seduction of a minor daughter (*Garretson* v. *Becker,* 52 Ill. App. 255). In fact, the difficulty of computing certain types of compensatory damages has been recognized and rejected as a ground for their denial. In *People* v. *Schwartz,* 151 Ill. App. 190, 193, the court stated: "In order to entitle a party to have damages estimated as an equivalent for the injury sustained, the loss to be compensated need not always be distinct and definite, capable of exact description or of exact measurement in dollars and cents. Damages are, in proper cases, allowable for injured feelings, bodily pain, grief of mind, injury to reputation, and for other suffering which it would be impossible to make subject of exact proof and computation in respect to the amount of the loss sustained."

Therefore, since the damage restrictions imposed by the controverted act cannot be deemed to constitute a lawful exercise of the police power, the deprivation of plaintiff's rights thereunder violates section 19 of article II of the Illinois constitution, guaranteeing a certain remedy for all injuries and wrongs to person, property and reputation.

It is further argued that the act violates section 22 of article IV of the Illinois constitution, providing that the General Assembly shall not pass local or special laws creat-

ing a special or exclusive privilege, immunity or franchise. It is established that a law is not special if it embraces all who occupy a like position. (*People* v. *Chicago Transit Authority*, 392 Ill. 77.) However, the classification of such persons must be based upon a substantial and reasonable distinction in the situation and circumstances between those embraced and those excluded from the operation of the statutes. *People ex rel. Reilly* v. *City of Chicago*, 337 Ill. 100.

Defendant argues that the statute is not special because it affects all those having causes of action for breach of promise to marry. As hereinbefore noted, there is no rational distinction for limiting the elements of damage in such actions, any more than in any other common-law actions, since the same elements of damage are allowed in other actions, which, in turn, are also subject to abuse by unprincipled plaintiffs. Therefore, insofar as the limitation of damages in this act relieves defendants of liability for a substantial portion of the injury they have inflicted, whereas other wrongdoers must recompense plaintiffs for injuries to reputation, seduction and mental anguish, this statute creates a special privilege for defendants guilty of breach of promise actions in violation of section 22 of article IV of our constitution.

It is argued further that the constitutionality of this act could be sustained if the statute were deemed to bar merely exemplary and punitive damages, and the term "actual damages" were construed to be completely synonymous with "compensatory damages," so that plaintiff could recover for the mental anguish, humiliation, injury to reputation, loss of worldly position and opportunity to meet other suitors, seduction and pregancy, and the expenses and loss of wages incurred thereby, all of which, plaintiff claims, were the actual and real results of defendant's breach of his promise to marry. (4 Sutherland, Damages,

3662, 3665.) Such a construction, however, would be in utter disregard of section 3 of the act (chap. 89, par. 27) barring aggravated damages, and of the legislative declaration in section 1 of the act(chap. 89, par. 25), affecting damages for seduction and mental distress. Construing a statute whereby one provision is in conflict with another merely creates ambiguities, and is unsound no matter how desirable the particular result may be.

Furthermore, to divide the cohesive legislative design to give plaintiff but a nominal remedy in these cases, by holding that the restrictions of punitive and exemplary damages are a proper exercise of the police power, but that the restrictions of compensatory damages for the seduction and the mental and emotional distress offend the constitution, as hereinbefore noted, would be tantamount to the enactment of a law which the legislature never intended. Its scheme for restricting this action must be adjudged in its entirety.

It is my judgment, therefore, that inasmuch as the controverted statute is not a proper exercise of the police power and consequently violates section 19 of article II and section 22 of of article IV of the Illinois constitution, it is invalid, and does not constitute a bar to the counts of plaintiff's complaint which were improperly stricken by the trial court.